## HARTSON et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. September 27, 1926.)

No. 258.

**1. Indictment and information ⬤⇒125(5½).**

Count of indictment *held* sufficient, as charging single conspiracy to commit offenses of unlawfully importing intoxicating liquor and receiving concealing, possessing, and selling such liquor.

**2. Conspiracy ⬤⇒43(6).**

All details essential to charge of substantive offense are not required in a conspiracy count.

**3. Conspiracy ⬤⇒47.**

Evidence *held* to sustain conviction for conspiracy to sell unlawfully imported liquor.

**4. Customs duties ⬤⇒134—Charge of feloniously receiving, concealing, selling, and facilitating the receiving, etc., of liquor unlawfully imported held insufficient (Comp. St. §§ 5785, 5841h13).**

Charge that defendants feloniously, knowingly, and unlawfully received, concealed, sold, and facilitated the receiving, concealing, transportation, and selling of intoxicating liquor and knew that such liquors had been unlawfully imported, contrary to Tariff Act 1922, § 593 (Comp. St. § 5841h13, *held*, in view of Rev. St. § 3082 (Comp. St. § 5785), insufficient, in absence of any specification as to nature of the unlawfulness of the importation.

**5. Customs duties ⬤⇒134.**

To charge offense of receiving, concealing, etc., liquor unlawfully imported, contrary to Rev. St. § 3082, merchandise must be alleged to have been unlawfully imported and that to defendant's knowledge (Comp. St. § 5785).

**6. Indictment and information ⬤⇒59—Charge of trafficking in unlawfully imported liquor, drawn under Tariff Act, held not sustainable under National Prohibition Act (Comp. St. §§ 5841h13, 10138¼ et seq.).**

Count charging that defendants feloniously, knowingly, and unlawfully received, concealed, sold, and facilitated the receiving, etc., of liquors unlawfully imported, plainly purporting to be drawn under Tariff Act 1922, § 593 (Comp. St. § 5841h13), *held* not sustainable as charging a mere sale, contrary to National Prohibition Act (Comp. St. § 10138¼ et seq.).

**7. Criminal law ⬤⇒1210.**

Circuit Court of Appeals has no power to prevent cumulative sentences on charges of substantive crime and conspiracy to commit it.

In Error to the District Court of the United States for the Northern District of New York; Frank Cooper, Judge.

Harry C. Hartson was convicted of conspiracy to violate National Prohibition Act and of a specific sale in violation of that act, and together with Barney Duken was convicted of feloniously, knowingly, and unlawfully receiving, concealing, selling, and facilitating

14 F.(2d)—36

the receiving, etc., of liquors unlawfully imported, in violation of Tariff Act, and they bring error. Conviction of both defendants for last-named offense reversed, and conviction of defendant Hartson for conspiracy and unlawful sale affirmed.

John E. Judge, of Plattsburg, N. Y., for plaintiff in error Hartson.

Roscoe Irwin, of Albany, N. Y., for plaintiff in error Duken.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y.

Before ROGERS, HAND, and MACK, Circuit Judges.

MACK, Circuit Judge. It is necessary to consider only the first and third counts of the indictment under the third of which Duken was convicted and sentenced to two years' imprisonment and $500 fine, and under each of which Hartson was convicted and sentenced to four years' imprisonment, distributed two years on the first, one and one-half years on the third, and one-half year on the sixth count, and in addition $2,000 fine on the first count. His guilt under the sixth count charging a specific sale contrary to the National Prohibition Act (Comp. St. § 10138¼ et seq.) is conceded.

[1] The first count charges that one Lyons, as to whom there was a severance, Hartson, and Duken conspired together with one Parks and others, whose names were unknown, to commit an offense against the United States of unlawfully importing and bringing into the United States intoxicating liquors fit for beverage purposes containing more than one-half per cent. of alcohol, and receiving and concealing the same after such importation and thereafter transporting them in the district and possessing and selling them, knowing them to have been brought into the United States contrary to law, which liquors were forbidden to be brought to, received, possessed, transported, or sold therein. Overt acts including the sale to Parks are properly alleged.

As a conspiracy charge this count suffices. Although the conspiracy charged is to commit several different offenses, some of them in violation of the Revenue Act and others of the National Prohibition Act, but a single conspiracy is alleged.

[2] All of the details essential to a charge of the substantive offenses are not required for a conspiracy count. A bill of particulars would have supplied them.

[3] Parks was a government agent investigating conditions in Plattsburg, near the Ca-

nadian border. He was introduced to Hartson by Lyons in the latter's barroom café. But there was more than a mere introduction. Lyons, according to Parks' testimony, first had to ask him for his name; he was a stranger. Then Lyons asked Hartson if he could supply Parks with 15 cases of William Dow ale, a Canadian ale, saying, "He is up here after a load of ale and he is all right and fix him up." A deal for the sale was promptly made by Hartson. Subsequently the liquor bearing the Canadian label was delivered and paid for at a nearby garage.

This evidence in our judgment suffices to sustain the charge of conspiracy by Lyons and Hartson that Hartson should sell the imported liquors to Parks.

[4] The third count charges that the defendants "feloniously, knowingly, and unlawfully received, concealed, sold, and facilitated the receiving, concealing, transportation and sale of * * * intoxicating liquors * * * fit for use for beverage purposes and * * * knew that such intoxicating liquors had been unlawfully imported and brought into the United States from the Dominion of Canada, contrary to section 593 of the Tariff Act of 1922 [Comp. St. § 5841h13]."

[5] As stated in Gillespie v. United States (C. C. A.) 13 F.(2d) 736, decided by us June 29, 1926, this section of the Tariff Act is substantially like Rev. St. § 3082 (Comp. St. § 5785). To charge an offense thereunder, the merchandise must be alleged to have been unlawfully imported and defendants to have known this. Assuming that the allegation of defendants' knowledge is equivalent to an allegation both of the fact of unlawful importation and of defendants' knowledge thereof, there is nevertheless no specification as to the nature of the unlawfulness. The failure so to specify was held after conviction in Keck v. U. S., 172 U. S. 434, 19 S. Ct. 254, 43 L. Ed. 505, to nullify the first count of the indictment there considered. In the Gillespie Case, the unlawfulness was expressly charged to have been the importation without the permit required by law.

[6] Clearly, too, this count plainly purported to be drawn under the Tariff Act and especially in the light of the sixth count, it cannot be sustained as charging merely a sale contrary to the National Prohibition Act. U. S. v. Stafoff, 260 U. S. 477, 481, 43 S. Ct. 197, 67 L. Ed. 358.

[7] It follows that, as Duken was found guilty only on this count, judgment of conviction as to him must be reversed. As to Hartson the conviction and sentence must be reversed as to count 3; it must however be affirmed both as to counts 1, the conspiracy, and 6, the substantive crime, because as the law stands we have no power to prevent the cumulation of sentences even though the substantive crime is the one which the conspiracy contemplated. We have, however, often said that this practice seems to us plainly improper. Except under unusual circumstances, the aggregate of sentences should not exceed the maximum for either the substantive offense or for the conspiracy. As we have done before, so now we take the occasion to say that we shall be willing to recommend to the pardoning power a corresponding commutation, if we are asked to do so.

Judge ROGERS' death prevented his participation in this opinion; in conference he had concurred in the affirmance as to Hartson.