## LA FOUNTAIN v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. September 27, 1926.)

No. 257.

1. Criminal law ⬤⟳826.

Refusal of trial judge to consider 73 written requests to charge, tendered first after charge had been delivered and exceptions thereto noted, *held* not error.

2. Intoxicating liquors ⬤⟳236(11)—Conviction for sale of liquor delivered in Canada on defendant's order held not sustainable, in absence of evidence that defendant was owner (Comp. St. § 10138¼ et seq.).

Where alleged seller of liquor gave written order on third person for liquor which was actually delivered in Canada, *held* conviction for sale could not be sustained under National Prohibition Act (Comp. St. § 10138¼ et seq.), in absence of proof that liquor belonged to defendant rather than to third person.

In Error to the District Court of the United States for the Northern District of New York; Frank Cooper, Judge.

Albion La Fountain was convicted of conspiracy to violate the National Prohibition Act, of smuggling ale, and of a specific unlawful sale, and he brings error. Affirmed, except as to conviction for specific sale, as to which reversed, and case remanded.

John E. Judge, of Plattsburg, N. Y., for plaintiff in error.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y.

Before ROGERS, HAND, and MACK, Circuit Judges.

MACK, Circuit Judge. Defendant was tried jointly with his wife under an indictment, the first count of which charged them and one O'Neil with having conspired together and with one Parks and others unknown, substantially as in the Hartson and Duken Case, 14 F.(2d) 561, decided this day. The second count charged them, in substance, with the crime of smuggling Canadian ale; the third was similar to the same count in the Hartson-Duken Case; the sixth charged the sale of this same ale in Champlain, N. Y.

O'Neil was not apprehended; as to Mrs. La Fountain the jury disagreed; La Fountain, found guilty on the first, second, third, and sixth counts, was sentenced to two years' imprisonment and $2,000 fine on the first, one year and nine months on the second, and $1 on each of the third and sixth counts. The demurrer to the first count was properly overruled; that to the third should have been sustained—both for the reasons given in our opinion in the Hartson-Duken Case.

[1] Defendants offered no evidence; the government's evidence so abundantly sustains the first and second counts that the alleged errors in the admission and rejection of testimony as well as in the charge are entirely negligible. We fully approve the action of the trial judge in declining to consider seventy-three written requests to charge tendered to him for the first time only after his charge had been delivered and the exceptions thereto noted.

[2] The conviction and sentence on the sixth count must, however, be reversed. Mrs. La Fountain at her husband's direction, in consideration of money paid to them at their home in Champlain, N. Y., one mile from the Canadian border, gave Parks an order reading: "Mr. Marchon: Please give Mr. Parks 10 cases Dow large and charge it to me. A. La Fountain." On the basis of this order, Marchon, in Canada, permitted Parks to take 10 cases from a much larger quantity of Dow ale. Whether Marchon or La Fountain owned either the 10 cases or the entire quantity was not proven. If La Fountain did not own it, the transaction in Champlain amounted only to a contract to sell and deliver this liquor in Canada and not to a sale in Champlain. The charge of a sale in Champlain is therefore not sustained. Whether or under what circumstances a sale or the solicitation thereof in the United States of liquor in and to be delivered in a foreign country is forbidden by the National Prohibition Act (Comp. St. § 10138¼ et seq.), we need not here determine.

The judgment as to counts 1 and 2 is affirmed, as to count 3 it is reversed, and as to count 6 it is reversed and the case remanded.

What we said this day in the Hartson-Duken Case as to cumulative sentences is equally applicable here.

Judge ROGERS' death prevented his participation in this opinion; in conference, he had concurred in the affirmance, and in the reversal as to the sixth count.