Robert C. HAYES and Rosario A. De Franzo, Plaintiffs in Error, v. UNITED STATES, Defendant in Error.

(Circuit Court of Appeals, Second Circuit. September 27, 1926.)

No. 256.

In Error to the District Court of the United States for the Northern District of New York; Frank Cooper, Judge.

Writ of error to judgments of conviction entered in the District Court for the Northern District of New York.

John E. Judge, of Plattsburg, N. Y., for plaintiff in error Hayes.

Roscoe Irwin, of Albany, N. Y., for plaintiff in error De Franzo.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y.

Before ROGERS, HAND, and MACK, Circuit Judges.

MACK, Circuit Judge. Defendants were convicted under an indictment, the first count of which charged them with conspiring together and with one Parks and others unknown substantially as in the Hartson-Duken Case, 14 F.(2d) 561, decided on this day; the third count was similar to the third count in that case; the sixth charged a specific sale by defendants to Parks of Canadian ale at Plattsburg, N. Y. Each defendant was sentenced to imprisonment cumulatively for two years on the first and sixth months on the sixth count and in addition was fined $2,000 on the first count. On the third count the sentences imposed were one year on Hayes and six months on De Franzo.

For the reasons stated in the opinion in the Hartson-Duken Case the demurrer to the first count was properly overruled while that to the third count should have been sustained.

Hayes' guilt on the sixth count is conceded. The evidence abundantly justified the jury in finding that De Franzo knowingly cooperated with Hayes in the sale and that they conspired to bring it about. While the con-

spiracy charged goes much further, this suffices in law for a conviction on both counts, whatever may be the injustice of joining counts for conspiracy to commit an offense and for the commission of the same offense. See Vannata v. U. S. (C. C. A.) 289 F. 424. What we have said in this respect in the Hartson-Duken Case applies equally to the present case.

Alleged errors in the admission and rejection of evidence and in the charge need not be discussed; it suffices that in our judgment they did not and could not have affected the verdict on the first and sixth counts.

Judgment affirmed as to first and sixth counts; reversed as to third count.

Judge ROGERS' death prevented his participation in this opinion; in conference he had concurred in the affirmance.