## AMENDOLA v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 25, 1927.)

No. 227.

**1. Criminal law ☞1173(2)—Conviction under different counts for separate crimes based on single offense held prejudicial, without submitting to jury character of offense, in view of cumulative sentence (Harrison Anti-Narcotic Act Dec. 17, 1914, §§ 1, 2, 8 [Comp. St. §§ 6287g, 6287h, 6287n]).**

Conviction, under indictment in four counts for conspiracy to sell heroin, for sale without being registered, under Harrison Anti-Narcotic Act Dec. 17, 1914, § 1 (Comp. St. § 6287g), for selling to buyer who had no order in form prescribed by section 2 (Comp. St. § 6287h), and for unlawful possession or control of the drug in violation of section 8 (Comp. St. § 6287n), *held* erroneous for failure to submit character of transaction to jury, and prejudicial, in view of cumulative sentence rendered therein.

**2. Criminal law ☞1177—Circuit Court of Appeals, when question arises as to unjust result, will not ignore error not justifying reversal, except for sentence.**

Although Circuit Court of Appeals has no power over sentence, when question arises as to whether record clearly shows that there has been an unjust result, it will not ignore an error which, except for sentence, would not have justified reversal.

In Error to the District Court of the United States for the Eastern District of New York.

James Amendola was convicted for conspiracy to sell heroin, for sale of heroin without being registered, for sale thereof to a buyer who had no order, and for unlawful possession or control of the drug, and he brings error. Reversed.

Writ of error to a judgment of conviction of the District Court for the Eastern District of New York upon an indictment in four counts against the plaintiff in error and one Marinelli. The first count was for a conspiracy to sell heroin; the second, for a sale without being registered under section 1 of the Act of December 17, 1914 (Comp. St. § 6287g); the third, for a sale to a buyer who had no order in the form prescribed by section 2 (Comp. St. § 6287h); the fourth, for unlawful possession or control of the drug, under section 8 (Comp. St. § 6287n).

The evidence was that one Reager, a United States narcotic agent, got the confidence of the defendant Marinelli, and asked him for heroin in Brooklyn. Marinelli said that he had none, but could get some from the defendant Amendola. Later Marinelli in Manhattan saw Amendola and asked him for heroin, but was told that, though he then had none,

17 F.(2d)—34

Marinelli should come back in a week. This he reported to Reager in Brooklyn, adding that he got a $3 commission from Amendola. Six days after this Marinelli again saw Amendola in Manhattan, and got from him ten ounces of heroin, which he took to Reager in Brooklyn, to whom he there sold it, and was arrested. Amendola was later arrested in Manhattan.

The chief point in controversy was whether Marinelli was Amendola's agent or servant to make the sale in Brooklyn, or whether it was an outright sale between them in Manhattan. In the view taken by the court, it is not necessary to set forth the testimony at length describing the nature of the transaction, from which it could be ascertained which form it took. At the close of the evidence the defendant moved for a directed verdict, on the ground that the evidence did not show any sale, possession, or conspiracy in Brooklyn, which was denied. He did not, however, ask that the question should be submitted to the jury, nor did the judge in his charge put that question to them.

The jury brought in a verdict of guilty on all counts, and the judge sentenced the defendant to two years on the conspiracy count, three years on the sale without registry, three years on the sale without a prescribed form, and two years for possession, to run consecutively, thus making ten years in all.

Anthony J. Ernest and John B. Johnston, both of New York City, for plaintiff in error.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., and Harry Chiert, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, and LEARNED HAND, Circuit Judges, and AUGUSTUS N. HAND, District Judge.

LEARNED HAND, Circuit Judge (after stating the facts as above). A majority of the court is of the opinion that upon the evidence there was a question of fact whether the transaction between Amendola and Marinelli was an outright sale, or whether Amendola deputed Marinelli to sell the drug for him in Brooklyn as his servant or agent. That was the only question raised upon the trial, and, had it not been for the sentence, we should not have taken any other of our own motion. It was a technical matter, of not the least substance, on which side of the East River Amendola should be tried; if there was error in the conduct of the trial, affect-

ing that alone, we should hold him strictly to the record.

[1] But for reasons which we shall state in a moment the result has been in the judgment of us all a miscarriage of justice, and we think we should notice errors, though not raised by the defendant. Even though the evidence justified a submission of the case to the jury, the question was not presented to them in the colloquial charge of the judge, and we may be sure that they did not take it for themselves. The result is that the defendant was convicted without any determination by the jury as to the character of the transaction on which his guilt in law depended under the indictment actually found. This was an error in any view, and while a majority of us should not, as we have said, have raised it, if the result as a whole had been just, we think the sentence gives the defendant a substantial complaint, even against formal errors.

The indictment was in four counts for the same transaction, a single sale in Brooklyn. This was laid as a conspiracy, as an unregistered sale, as a sale to a buyer who did not have the prescribed form, and as an unlawful possession. All these are in form separate crimes, and the judge had power to impose a separate sentence upon each cumulatively, making it in all seventeen years, if he chose. In fact, he did so cumulate the sentences to ten years, twice the maximum prescribed by Congress. It is true that the defendant was an old offender; he had been convicted once as a receiver of stolen goods, three times for petit larceny, and once for selling narcotics. This did, indeed, make him subject to the maximum penalty; but it did not in our view justify swelling a single offense into two separate offenses by the mere contrivance of charging it in different ways. [2] We have already expressed ourselves upon this subject, as we supposed unambiguously. Harrison v. U. S. (C. C. A.) 7 F.(2d) 259; Hartson v. U. S. (C. C. A.) 14 F.(2d) 561. And the first decision was expressly brought to the attention of the judge. While we recognize, of course, that we have no power over the sentence, yet, when the question arises as to whether the record clearly shows that there has been an unjust result, we will not ignore an error which, except for the sentence, would not have justified reversal. We cannot assent to the repetition of the charge with purely formal changes, as a device to double the penalty, unless the whole trial was conducted with the most scrupulous exactness.

Judgment reversed.