### THE J. DUFFY.

### UNITED STATES v. 2,802 CASES SCOTCH WHISKY and 148 CASES INTOXICATING LIQUOR.

Circuit Court of Appeals, Second Circuit. April 4, 1927.

No. 241.

1. Customs duties ⚖=133(6)—Liquor-laden British vessel, arrested within territorial waters, not satisfactorily proving claim of distress, held subject to penalty for unlawful importation (Tariff Act 1922, § 593, subd. [b], and § 615 [Comp. St. §§ 5841h13, 5841h35]).

Liquor-laden British vessel, arrested within territorial waters of the United States, not satisfactorily proving its claim of distress, *held* liable to penalties for unlawful importation, under Tariff Act 1922, § 593, subd. [b], being Comp. St. § 5841h13, particularly in view of section 615 (Comp. St. § 5841h35), fixing burden of proof.

2. Customs duties ⚖=133(6)—Proof of bringing vessel carrying forbidden liquor cargo into territorial waters imposes on vessel burden of proof of claim of distress (Tariff Act 1922, § 615 [Comp. St. § 5841h35]).

Evidence that vessel was brought within territorial waters of the United States carrying a forbidden liquor cargo, without proper permits for such transportation, and possession, is sufficient to impose on vessel burden of proof of claim of distress, under Tariff Act 1922, § 615 (Comp. St. § 5841h35).

Appeal from the District Court of the United States for the District of Connecticut.

Libels by the United States against the British schooner J. Duffy, and against 2,802 cases of Scotch whisky and 148 cases of intoxicating liquor. From a decree for respondents (14 F.[2d] 426), the United States appeals. Reversed, with directions.

John Buckley, U. S. Atty., and George H. Cohen, Asst. U. S. Atty., both of Hartford, Conn.

Louis Halle, of New York City (Nathan April, of New York City, of counsel), for respondents.

Before MANTON, HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge. The libels filed by the appellant against the cargo and the ship were considered below in one opinion, and we shall dispose of it here in like manner.

[1] The J. Duffy was a British schooner, and had cleared from Havana for St. Pierre Miguelon on December 2, 1924, carrying a cargo of intoxicating liquors. On December 20, 1924, she was arrested in Long Island Sound by officers of the United States. It was properly held below that, when arrested in Long Island Sound, she was within the territorial waters of the United States and within the district. At the time, she displayed no lights, and was ordered to proceed to New London, where the liquor was found loaded on her. Her papers consisted of clearance from Havana, manifest, the crew list, British registry, and other documents which are not important here. The excuse for being in the Sound was to get fresh water, the claim being that her own water had become salted. The court below found against the claim of distress.

Appellant contends that the seizure and arrest of the vessel is justified because of the provisions of section 593, subd. (b), of the Tariff Act, 42 Stat. 858, 982 (Comp. St. § 5841h13). Subdivision (a) of that act (Comp. St. § 5841h12) forbids smuggling and clandestine importation, and is not applicable. Subdivision (b) is as follows:

"(b) If any person fraudulently or knowingly imports or brings into the United States, or assists in so doing, any merchandise, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law, such merchandise shall be forfeited and the offender shall be fined in any sum not exceeding $5,000 nor less than $50, or be imprisoned for

any time not exceeding two years, or both. Whenever, on trial for a violation of this section, the defendant is shown to have or to have had possession of such goods, such possession shall be deemed evidence sufficient to authorize conviction, unless the defendant shall explain the possession to the satisfaction of the jury."

Section 615 of the Tariff Act of 1922 (Comp. St. § 5841h35) provides that any suits brought for forfeiture of any vessel or baggage seized under provisions of law relating to the collection of duties, where the property is claimed by any person, the burden of proof shall be upon such claimant, and, in any suit or action brought to recover the value of the vessel or merchandise seized, the burden of proof shall be upon the defendant, provided that probable cause shall be first shown for the institution of such suit "to be judged of by the court."

With the facts thus found, the question presented is whether this was a fraudulent importation or bringing of the liquor into the United States. The liquors were brought into the territorial waters, not as a result of distress, and without proper permits for the transportation of the same. In Gillespie v. United States, 13 F.(2d) 736, we pointed out that it was unnecessary to determine whether the word "smuggling" is to be given a meaning different from that given by the court in Keck v. United States, 172 U. S. 434, 19 S. Ct. 254, 43 L. Ed. 505, which was a charge of smuggling and clandestine importation; that is to say, as synonymous with "brought into" the country. And we said:

"We say this because, if, as here used, it means and was intended to mean 'brought into' the country, and there unladen, the second element, the unlading, may be treated as surplusage, inasmuch as the offense created by section 593(b) is established if it be proven that the goods were brought into the country contrary to law, even though they were never unladen."

So here, if this cargo was on board a vessel in the territorial waters, it was contrary to law under the section of the Tariff Act above quoted, for we hold it was an unlawful bringing into the country. Hartson v. United States (C. C. A.) 14 F.(2d) 561; Cunard S. S. Co. v. Mellon, 262 U. S. 100, 43 S. Ct. 504, 67 L. Ed. 894, 27 A. L. R. 1306. In The Squanto (C. C. A.) 13 F.(2d) 548, we said that section 593(b) refers to merchandise imported contrary to law and that importation is complete as regards the payment of duty when the goods enter the port, and we point-

ed out that the cargo was also subject to forfeiture for transportation and concealment after importation and a libel therefor would be sustained. In that case we also held that, where circumstances established the probable cause for instituting the proceedings looking toward the enforcement of the penalty, it was good as against the vessel.

[2] Section 615 of the Tariff Act of 1922 (Comp. St. § 5841h35) placed the burden of proof upon the claimant to establish the innocence of the vessel. It appearing here that the vessel was brought into the territorial waters of the United States carrying a cargo of forbidden liquor and without proper permits for such transportation and possession, such circumstances constitute sufficient probable cause to place the burden of proof upon the appellee. The appellee has not satisfactorily met this burden.

The case of Keck v. United States, supra, referred to below, was a transaction involving smuggling. The decision holds that a case of smuggling is not effected until the goods have gone beyond the customs, and that such line is not passed by goods at sea when they pass the three-mile limit and have not yet been landed. See United States v. Ritterman, 47 S. Ct. 371, 71 L. Ed. ——, decided February 21, 1927. Here there is established a fraudulent importing and bringing into the United States, and the cargo is subject to forfeiture and seizure under the provisions of section 593(b). The forfeiture of the vessel will not be decreed, but the libel will be sustained as against it for penalties to be imposed by the District Court.

Decree reversed, with directions to enter a decree in conformity with this opinion.