## UNITED STATES v. TRYPUC.
### No. 280.

Circuit Court of Appeals, Second Circuit.
June 11, 1943.

Morris E. Packer, of Brooklyn, N. Y., for appellant.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith and Albert V. DeMeo, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

The statute under which the appellant was convicted provides that any person "who in any manner shall knowingly fail or neglect to perform any duty required of him under or in the execution of this Act, or rules or regulations made pursuant to this Act" shall upon conviction be punished by imprisonment for not more than five years or a fine of not more than $10,000 or by both fine and imprisonment. 50 U.S. C.A.Appendix, § 311. The appellant duly registered pursuant to the Act. The regulations (Art. 641.3) promulgated thereunder provide that "It shall be the duty of each registrant to keep his Local Board advised at all times of the address where mail will reach him." The indictment charged that being under such duty, the appellant did "unlawfully and knowingly fail and neglect" to perform it.

The record is meager. It consists of the exhibits and, in the absence of stenographic minutes, of a summary of the testimony in narrative form prepared by counsel assigned by the court to defend the appellant. The government introduced as exhibit 1 the appellant's registration card dated October 16, 1940. This gave his address as 45 Lee Ave., Patchogue, N. Y. This was the home of his brother with whom the appellant was then living. The registration card also named the brother as the person who would always know the registrant's address. The appellant's Selective Service Questionnaire was exhibit 2. This also gave his address as 45 Lee Ave., Patchogue. On the face of the questionnaire was printed under the heading "Instructions": "5. After this Questionnaire has been returned, report to your Local Board at once any change of address or any new fact which may affect your classification." Exhibits 3 and 4 were communications from the local board mailed to the appellant at the above address in November and December 1941 and returned to the board by the Post Office with pencil notations on the envelopes: "Removed— no address." Objections to the admission in evidence of exhibits 3 and 4 were overruled, and the government then rested. For the defense the appellant and his brother testified. The brother said that the appellant lived with him at the time of registration but he did not know of the use of his address by the appellant; and shortly thereafter the appellant left without notifying him where he was going. When exhibits 3 and 4 were delivered by the postman at the brother's home he would not accept them. The appellant testified that he was living in Brooklyn because he was working there. He said that he communicated with his brother by telephone; that he knew he was wanted for a state parol violation; and that he did not advise the local board of a change of address at any time.

We cannot accept the contention that the evidence was insufficient to support the verdict. But an examination of the charge convinces us that the issue whether the appellant "knowingly" failed to keep the board advised of an address where mail would reach him was not properly submitted to the jury. The judge charged that whether the address given in the questionnaire was correct is unimportant "because I will narrow it down to the charge that he failed to keep the Draft Board notified as to his change of address, which he admittedly made and which he did not inform the Draft Board of." The judge went on to say that every person must be deemed to have notice of the requirements of the Act. "You can't say 'I did not know of it' because you are deemed to know of it." Doubtless the judge had in mind Articles 641.1 and 641.2 of the Regulations. But we do not think the Regulations can be interpreted so broadly as to read "knowingly" out of the statute. Not every failure to perform a duty imposed by the statute or regulations is made criminal; only a person "who shall knowingly fail or neglect" his duty is to be punished. In Bartchy v. United States, 63 S.Ct. 1206, 1208, 87 L.Ed. ——, decided June 7, 1943, the

Supreme Court, in speaking of section 641.3 of the Regulations, said: "The regulation, it seems to us, is satisfied when the registrant, in good faith, provides a chain of forwarding addresses by which mail, sent to the address which is furnished the board, may be by the registrant reasonably expected to come into his hands in time for compliance." Similarly, in the case at bar, the address furnished the board would seem to suffice if Trypuc, in good faith, kept in touch with his brother by telephone while working in Brooklyn and believed that his brother would hold for him any communication sent by the Board. This feature of the defense should have been called to the jury's attention. Although no exception was taken to the charge as given and no error has been assigned, that does not preclude us from considering an unassigned error. See Rule 10 of this court. And the harshness of the four year sentence is justification for doing so in this case. See Amendola v. United States, 2 Cir., 17 F.2d 529, 530.

The judgment is reversed and the cause remanded for a new trial.