**GRIFFIN v. UNITED STATES.**
No. 10815.

United States Court of Appeals Sixth Circuit.
April 18, 1949.
Rehearing Denied June 17, 1949.

Harry A. Abrams, of Cincinnati, Ohio, Harry A. Abrams, of Cincinnati, Ohio, on the brief, for appellant.

Robert E. Marshall, of Cincinnati, Ohio, (Ray J. O'Donnell, of Cincinnati, Ohio, on the brief), for appellee.

Before HICKS, Chief Judge, and SIMONS and MILLER, Circuit Judges.

PER CURIAM.

Upon an appeal from the denial of a motion to correct sentence, the following facts appear. The appellant, upon his release after serving a sentence in the Kentucky State Reformatory at LaGrange, Kentucky, was issued a Selective Service Registration Certificate by the local board at LaGrange. He was then taken to Lexington, Kentucky, to face charges in the Eastern District of Kentucky for violation of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408 [now §§ 2311–2313], and upon his plea of guilty was sentenced to serve two years imprisonment. On the next day, April 19, 1944, he was committed to the United States Penitentiary at Terre Haute, Indiana, to begin the service of that sentence. On August 11 of the same year he escaped, but on August 28 he was arrested at Cincinnati, Ohio, for failure to possess a Selective Service Registration Certificate and was indicted and sentenced to a term of two years in the penitentiary, the sentence to begin at the expiration of the two year sentence he was serving at the time of his escape. On October 23, 1944, he was indicted by the grand jury in the United States District Court for the Southern District of Indiana, and sentenced to a term of five years in the federal penitentiary for violation of the Federal Escape Act, Title 18 U.S.C.A. § 473h [now § 751], the sentence to commence on the expiration of the two two-year sentences imposed upon him by the Federal Court at Cincinnati. He has now served both two-year sentences and has entered upon the five-year term which was to follow their expiration.

In his motion to correct sentence he challenges the imposition of the two-year term for failure to possess a registra-tion certificate, on the ground that the indictment in that case failed to state an offense under the statute, § 311, Title 50 U.S.C.A.Appendix. This section creates an offense where one knowingly fails to carry out any of the provisions of the Act. The indictment in that case did not use the word "knowingly" and the appellant here alleges, without contradiction, that his registration certificate was taken from him while incarcerated in Terre Haute. In our view, the law is that where the statute creating the offense requires that it must be knowingly committed, mere failure to comply is not enough. United States v. Trypuc, 2 Cir., 136 F.2d 900; United States v. Hoffman, 2 Cir., 137 F.2d 416; Mackey v. United States, 6 Cir., 290 F. 18; Viereck v. United States, 318 U.S. 236, 63 S.Ct. 561, 87 L.Ed. 734. We conclude that the indictment here assailed did not state an offense.

It is the general rule that where a sentence has been served, even though it be invalid, it will not be set aside because the question has become moot. United States ex rel. Quinn v. Hunter, 162 F.2d 644. However, where an invalid sentence creates an unjust result a court will not ignore the error. Amendola v. United States, 2 Cir., 17 F.2d 529. The injustice here perceived, inheres in the following circumstances. It is the practice of prison authorities, in computing credit for good-time, to take into consideration the totality of sentences being served. Furthermore, the appellant applied for correction of sentence to the District Court of Indiana, and its denial was affirmed by the Court of Appeals for the Seventh Circuit on July 16, 1947, 165 F.2d 960. We are not advised as to the grounds of the denial or the affirmance. They may have rested upon lack of power of the Indiana courts to correct a sentence imposed by the court of another Circuit. Two purposes therefore, will be served by a holding that the second two-year sentence is invalid. The first is that good-time may be credited upon a totality of seven years rather than of nine. The second is that it may furnish a basis for further proceedings in the courts of the Seventh Circuit by which a correction in

the time for commencement of the five-year sentence imposed under the Escape Statute may be made.

We therefore hold that the second two-year sentence imposed in the court below was invalid, that the case should be reversed with instructions to the district court to expunge the two-year sentence imposed for failure to possess a registration certificate.

It is so ordered.