**WONG BING NUNG, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14563.**

United States Court of Appeals, Ninth Circuit.

April 28, 1955.

**918**

G. C. Ringole, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., John H. Riordan, Jr., Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, POPE, Circuit Judge, and JAMES M. CARTER, District Judge.

DENMAN, Chief Judge.

This is an appeal from a judgment of the District Court in a judge tried case convicting appellant of knowingly and wilfully, to defraud the United States, smuggling and clandestinely introducing into the United States certain merchandise, in violation of 18 U.S.C. § 545.

Appellant, a seaman aboard an American vessel, transported merchandise from the Orient half of which he declared and removed from the ship when it docked at San Francisco. Appellant left the other half aboard ship and did not declare it. He had a fellow seaman ask a Customs agent if the undeclared merchandise could be landed. Upon receiving a negative answer, appellant's seaman friend said appellant would take the goods to Manila. Earlier on the same day appellant had signed back on the ship as a crewmember. After this conversation Customs agents seized the merchandise aboard ship. It was this merchandise which appellant was convicted of smuggling into the United States. Appellant from the beginning has maintained that he intended to take the goods to Manila, if customs would not allow them to be landed here.

The indictment charges that:

"Wong Bing Nung * * * at the City and County of San Francisco * * * did knowingly and wilfully, with intent to defraud the United States, smuggle and clandestinely introduce into the United States, merchandise which should have been invoiced, to wit, * * *"

The indictment is laid under the first paragraph of 18 U.S.C. § 545, which provides:

"Whoever knowingly and wilfully, with intent to defraud the United States, smuggles, or clandestinely introduces into the United States any merchandise which should have been invoiced, or makes out or passes, or attempts to pass, through the customhouse any false, forged, or fraudulent invoice, or other document or paper; * * *."

■ Appellant, having advised the customs officials through his friend that he owned the goods in question nevertheless later, believing he had violated the Act, stated to customs agents who came aboard the vessel and saw the goods, that they were not his. The question is not whether he so attempted to deceive customs but whether he had in fact smuggled the goods in violation of the first paragraph of the statute. We believe that he did not smuggle the goods.

The leading case which defines the terms "smuggle" and "clandestinely introduce" is Keck v. United States, 172 U.S. 434, 19 S.Ct. 254, 43 L.Ed. 505. In the Keck case as in the instant case goods were seized aboard a vessel in an American port, the merchandise not having been unladen. The Supreme Court, called upon to interpret the predecessor to §

545, held that smuggle and clandestinely introduce were synonymous phrases and that goods must actually be brought across the customs line in order to be smuggled.[1] This court in a case identical with the instant appeal following the Keck case held there had been no smuggling. McGill v. United States, 9 Cir., 28 F.2d 572.

Later the Supreme Court clearly established that smuggling could occur by one who evaded a customs house by successfully carrying merchandise inside the land boundaries of the country, but this was implicit in the Keck case. United States v. Ritterman, 273 U.S. 261, 47 S.Ct. 371, 71 L.Ed. 636.

■ In the case of United States v. Merrell, 2 Cir., 73 F.2d 49 the goods were brought into a harbor as in the instant case. The evidence is that Merrell intended so to bring them into the United States without the payment of the duty on them. By so doing he violated paragraph (b) of 19 U.S.C. § 1593 creating a crime. So far as pertinent it reads, Whoever "fraudulently or knowingly imports or brings into the United States * * * contrary to law * * *" a provision practically identical with the second paragraph of 18 U.S.C. § 545.

1. "[I]n the English statutes the word 'smuggling' and 'clandestine importation,' 'clandestine running and landing,' were constantly made use of, one for the other, as purely convertible terms, all relating to the actual passing of the goods across the line where the obligation to pay the duty existed, and which passing could not be accomplished except in defiance of the duty which the law imposed. The inference that the common-law meaning of the word 'smuggling' is to be implied, is cogently augmented by the fact that the statute also uses in connection with it words generally known in the law of England as a paraphrase for smuggling. In reason this is tantamount to an express adoption of the common-law signification. Moreover, this view is fortified by the concluding portion of the statute, which supplements the smuggling or clandestine introduction by imposing a similar penalty upon every person who 'shall make out or pass, or attempt to pass, through the custom house, any false, forged or fraudulent invoice'; all

of which were acts connected with the actual entry of the goods, which, if the object intended to be accomplished was effected, would result in the successful introduction of the goods into the country, without payment, in part, at least, of the duties required by law." 172 U.S. at page 455, 19 S.Ct. at page 261. Again in 172 U.S. at page 458, 19 S. Ct. at page 262: "It is settled that the rate of customs duty to be assessed is fixed by the date of importation, and is not to be determined by the time when entry of the merchandise is made. But this throws no light on the meaning of the word 'smuggling,' since that word, both at common law and under the text of the acts of congress, means an act by which the goods are introduced without paying or securing the payment of the duties, and hence concerns, not the mere assessment of duty, but the evasion of a duty already assessed, by passing the line of the customs authorities in defiance of law."

That is to say the law may be violated without committing the crime of smuggling which requires by-passing the good by the customs and entering the land of the United States. While the opinion also describes the goods as smuggled, we regard this as dictum for otherwise the decision violates the Keck case.

That the court in United States v. Merrell was well aware of the distinction between ":mporting contrary to law" and "smuggling" is manifest from its citation of authority. Gillespie v. United States, 2 Cir., 13 F.2d 736, 738, cited by the court, discussed the distinction between paragraphs one and two of the statute and held that the indictment there involved was laid under the second paragraph. The court stated: "Smuggling is a word to be interpreted by reference to Keck v. United States * * *, a case decided upon unusual consideration." The Merrell opinion also cited The J. Duffy, 2 Cir., 18 F.2d 754, which recognized the distinction between the two offenses and held that the offense under consideration was laid under the second paragraph.

The last case cited by the Merrell opinion is Tomplain v. United States, 5 Cir., 42 F.2d 203, which is strongly relied upon by appellee. The Tomplain indictment charged a violation of the second paragraph of the statute. It was in fact a true case of smuggling, however. Liquor was there seized aboard a motor boat on a Louisiana river called Bayou Boeuf, *at a location more than sixty miles inland from New Orleans in the State of Louisiana,* which is like a ship going up the San Joaquin River to Stockton in the interior of California.

 Finally, appellee relies on the fourth paragraph of 18 U.S.C. § 545 which provides:

"Proof of defendant's possession of *such goods,* unless explained to the satisfaction of the jury, shall be deemed evidence sufficient to authorize conviction for violation of this section." (Emphasis supplied.)

Since the indictment was based solely on smuggling, the answer to this contention is that the goods are not "such goods", i. e., smuggled goods.

 There is no evidence proving a commission of the crime charged in the indictment, and the judgment is ordered reversed, and judgment entered for Wong Bing Nung.