Louis Andrew **PIFER**

v.

**UNITED STATES of America.**
No. A–4769.

United States District Court
N. D. West Virginia, Elkins Division.
Jan. 17, 1957.

. Albert M. Morgan, U. S. Atty., R. J. Schleuss, Asst. U. S. Atty., Fairmont, W. Va., for respondent.

BOREMAN, District Judge.

. Louis Andrew Pifer, hereinafter referred to as Petitioner, files his petition under the authority of 28 U.S.C.A. § 2255, praying that a judgment and sentence of two years upon criminal indictment No. A–4769 be vacated and set aside.

On August 3, 1939, petitioner was sentenced to seventeen years' imprisonment by the then presiding Judge of this court. He was sentenced to five years on each of two counts of an indictment not material here. He was sentenced to five years upon his plea of guilty to an indictment charging him, and two others, with escape from the custody of a federal officer. He was sentenced to an additional term of two years upon his plea

of guilty to an indictment charging him, and two others, with conspiring to so escape. Said sentences were to run consecutively, aggregating seventeen years' imprisonment. Petitioner is now serving the sentence of two years imposed upon the conspiracy charge.

The conspiracy indictment charges that petitioner and two others conspired to escape, alleging an overt act, inter alia, that they did, in fact, escape from the custody of the United States Marshal for the Northern District of West Virginia.

Petitioner contends that the sentence of two years on the conspiracy charge was unlawful and invalid for two basic reasons: (1) That he was ignorant of his rights under the law on the day of plea and sentence and entered his plea of guilty without benefit of legal advice or presence of competent counsel; (2) that the sentence of two years imposed on the conspiracy charge, consecutive to the five years imposed on the escape charge, constituted double jeopardy and double punishment.

▆ Upon examination of the record, reason (1), as assigned by the petitioner, is without merit. Petitioner claims that he entered his plea of guilty to the conspiracy indictment without benefit of legal advice or presence of competent counsel. However, the order of sentence and commitment in that case, entered on August 3, 1939, clearly shows the contrary. That order states:

"This 3rd day of August, 1939, came the United States of America by Joe V. Gibson, its attorney, and came as well * * * Louis Andrew Pifer alias Lou Piper (and another), in person, and by Keith Cunningham, their counsel by appointment of the Court * * *.

"Thereupon, upon their arraignment for plea to the above styled indictment the defendants * * * severally say they are guilty as therein charged."

It is quite apparent that, contrary to petitioner's claim, he was represented by competent counsel who was present at the time of the entry of the plea of guilty. It is only reasonable to assume that he did have the benefit of legal advice and that he knew his rights under the law.

Reason (2) assigned by petitioner presents more difficulty, but after a full review of the authorities, the Court is of opinion that this contention is also without merit. Petitioner contends that the two offenses of escape and conspiracy to escape are essentially the same, that is, the elements necessary to be alleged and proved are the same in one offense as in the other; that proof of one offense would necessarily prove the other, thus limiting punishment to a single act; that the conspiracy or concerted action of petitioner and his co-defendants was absolutely necessary to carry the overt act, the escape, into effect, so that the conspiracy is merged into the completed overt act as a necessary and inherent element thereof; that if convicted on both charges, the sentences must run concurrently and not consecutively in order to preclude double punishment.

Petitioner, in his petition, cites a large number of cases in support of his contentions. The United States filed its answer to petitioner's motion to set aside and vacate the judgment and sentence and filed its brief in support thereof. Petitioner then filed a supplemental memorandum citing additional cases. After a careful examination and analysis of the cases cited by petitioner, I have found none that lends any aid or support to his contentions. These cases are improperly and inaccurately interpreted, or do not, in fact, support petitioner's contentions, or are clearly distinguishable upon the facts of the present case. It will be impossible to discuss and distinguish every case cited by the petitioner but the Court will mention a few as being representative.

▆ Petitioner contends that punishment on the charge of escape and punishment on the charge of conspiracy is double punishment since the charges are identical. If, by that contention, pe-

titioner means to say, as an abstract proposition of law, that a conspiracy to do an act and the doing of the act itself are identical, then petitioner is quite obviously in error. The authorities are clear and unanimous that the substantive offense and the conspiracy to commit it are separate and distinct offenses and may be punished separately. The law is well stated in the leading case of Pinkerton v. United States, 1945, 328 U.S. 640, at pages 643–644, 66 S.Ct. 1180, at page 1182, 90 L.Ed. 1489, wherein the Court said:

"It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses. The power of Congress to separate the two and to affix to each a different penalty is well established. Clune v. United States, 159 U.S. 590, 594–595, 16 S.Ct. 125, 126, 40 L.Ed. 269 * * *. And, the plea of double jeopardy is no defense to a conviction for both offenses. Carter v. McClaughry, 183 U.S. 365, 395, 22 S.Ct. 181, 193, 46 L.Ed. 236. It is only an identity of offenses which is fatal * * *.

"Moreover, it is not material that overt acts charged in the conspiracy counts were also charged and proved as substantive offenses. As stated in Sneed v. United States, supra, 5 Cir., 298 F. [911, 912] at page 913, 'If the overt act be the offense which was the object of the conspiracy, and is also punished, there is not a double punishment of it.' The agreement to do an unlawful act is even then distinct from the doing of the act."

See also Goukler v. United States, 3 Cir., 1923, 294 F. 274; Vannata v. United States, 2 Cir., 1923, 289 F. 424; Laughter v. United States, 6 Cir., 1919, 259 F. 94; Kelly v. United States, 6 Cir., 1919, 258 F. 392, and many others.

Petitioner cites Amendola v. United States, 2 Cir., 1927, 17 F.2d 529, 530, to support the proposition that a "single offense" may not be swelled into two separate offenses "by the mere contrivance of charging it in different ways". Indeed, this case does so hold but it does not reach the question here presented as to the charge of conspiracy. In the cited case, the defendant was convicted on four separate counts charging him with unlawfully possessing narcotics, making unregistered sale thereof, selling same to a buyer who did not have the prescribed form, and with conspiring to do the unlawful acts charged in the other counts. The Court held that the "single offense" committed was the "sale" and that the charges, other than conspiracy, were only incidental thereto. It is to be noted, however, that conviction on the separate conspiracy count was upheld in addition to conviction on the "sale" count. The two offenses were not merged but were separate and distinct.

The holding in the Amendola case was practically the same in United States v. Chiarella, 2 Cir., 1951, 187 F.2d 12, cited by petitioner. There, defendants were charged in separate counts with "receiving", "possessing" and "selling" counterfeit money and, in a fourth count, with conspiracy. The Court held that the "receiving" and "possessing" were only for the purpose of, and incidental to, "selling" and thus there was but one offense. But the Court upheld the conviction on the separate conspiracy count.

Petitioner cites also Hartson v. United States, 2 Cir., 1926, 14 F.2d 561, and Harrison v. United States, 2 Cir., 1925, 7 F.2d 259, to support the proposition that one cannot be punished for the conspiracy in addition to the completed overt act. The Court, in those cases, did say that such punishment should not be inflicted indiscriminately but only in rare cases. Nevertheless, in the Hartson case the Court said [14 F.2d 562]:

"* * * as the law stands we have no power to prevent the cumulation of sentences even though the substantive crime is the one which the conspiracy contemplated."

In the Harrison case the Court said [7 F.2d 263]:

"The imposition of cumulative sentences, even though the offense was in substance single, was regular."

Thus it can be seen that petitioner is grossly inaccurate in his interpretation and application of these cases cited by him, but these are not the only examples; others will be hereinafter noted.

■■ It is clear that, as an abstract proposition of law, conspiracy is not the same offense as the overt act charged as a part thereof, but petitioner contends that proof of escape would necessarily be proof of the conspiracy to escape; that the elements are the same. It is true, as urged by petitioner, that where the two offenses are legally identical, a defendant may not be prosecuted for both; or, if he is so prosecuted for both and convicted, the sentences must run concurrently to avoid double punishment. In the present case, only a superficial examination will reveal that the two offenses are not at all the same. As the Court held in Rutkowski v. United States, 6 Cir., 1945, 149 F.2d 481, in syllabus 1,

"The test of whether offenses charged in two or more counts of an indictment [or in separate indictments] constitute separate and distinct crimes is whether each count [or indictment] requires proof of an additional fact which is not required by others."

■ Applying that test as stated in the Rutkowski case, it will be seen that the two offenses here under consideration are clearly separate. On the conspiracy charge, there must be proof not only of the overt act (here, the escape), but the conspiring, planning and scheming as well. So it is clear that an additional fact or additional facts must be proved in the conspiracy charge which need not be proved in the escape charge. They are different in that the escape must be proved as an established, completed fact to sustain a conviction of the substantive offense of escape, but, on the charge of conspiracy, proof of the successful completion of the escape is not necessary;

proof of the conspiracy, coupled with proof of an overt act to carry out the object or purpose of the conspiracy and amounting to no more than an attempt to escape, would be sufficient.

■ Therefore, the elements are not the same and proof of one will not necessarily prove the other. The completed escape may have been proved as the overt act in the conspiracy indictment, but that alone will not make the charges identical. As the Court held in the Vannata case, supra, syllabus 5, [289 F. 425],

"The offense of conspiracy to commit a crime is not merged in such crime, *though the evidence which proves the conspiracy also proves its accomplishment by commission of the objective crime.*" (Emphasis supplied.)

Petitioner contends that the conspiracy, or planning, scheming or cooperation of the defendants named in the indictment was a necessary and inherent element of the escape itself, that the escape could not have been successfully completed without it and, therefore, as an exception to the general rule and where the agreement or mutual cooperation of two or more persons is necessary for the completion of the crime, they may not be convicted of a conspiracy to commit it. In support of this proposition, petitioner cites Pinkerton v. United States, supra, and May v. United States, 1949, 84 U.S.App.D.C. 233, 175 F.2d 994, and cases cited therein, charging that these two cases reversed the conviction of conspiracy. Those cases did recognize an exception to the general rule, that where such agreement or cooperation is necessary to the commission of the crime itself, the parties may not be convicted of conspiracy to commit it. However, petitioner has grossly misinterpreted or misunderstood those two cases since both of them, while recognizing the exception, expressly held that it was there inapplicable. Both cases affirmed the conviction for conspiracy, rather than reversing it, as petitioner alleges. The Court here cannot attempt to cite all instances in which petitioner

has misinterpreted or misapplied decisions of the courts, seeking to make it appear they were in his favor when they were actually against him.

No such exception to the general rule can be applied in the present case. The agreement or mutual cooperation of defendants was definitely not a "necessary" or inherent element of the act of escape. It may have made the escape easier but the escape itself might well have been accomplished without any agreement or mutual cooperation. One person might have planned it alone and the others merely availed themselves of the opportunity so presented. That the escape was, in fact, made pursuant to a conspiracy does not alter the fact that such conspiracy was not necessary to accomplish it. The petitioner could be, and was, convicted and sentenced on the conspiracy charge, entirely separate and apart from the offense of escape.

Petitioner further contends that the sentences for the crimes of escape and conspiracy should have been made to run concurrently and not consecutively. It is true, as pointed out above, that where the offenses are the same and identical, being merely charged in different ways, and if a defendant is convicted of both, the sentences must run concurrently to avoid double punishment. However, that rule has no application here as the two offenses are not the same or identical. In fact, many cases have expressly permitted sentences upon conviction of the substantive crime and the conspiracy to commit it to run consecutively. See Harrison v. United States, supra; Hartson v. United States, supra; United States v. Chiarella, supra.

By way of summarization, the Court holds that the substantive crime charged as the overt act and the conspiracy to commit it are entirely separate and distinct offenses, both as an abstract principle of law and under the facts of the present case; that conviction of the substantive crime of escape does not preclude conviction of the crime of conspiracy and they may be separately punished; that such separate punishment does not constitute double jeopardy or double punishment; that the conviction of petitioner of the charge of conspiracy to escape, and the sentence of two years so imposed, were proper.

Since, from the petition and the records of the case, it conclusively appears that petitioner is entitled to no relief, his motion to vacate and set aside said judgment and sentence should be denied without a hearing. Order will be entered accordingly.