**Watt RICHARDS, Petitioner,**

v.

**Ira M. COINER, Warden of the West Virginia State Penitentiary, Respondent.**

**Civ. A. No. C–68–21–E**

United States District Court
N. D. West Virginia.

Oct. 10, 1968.

W. Del Roy Harner, Elkins, W. Va., for petitioner.

C. Donald Robertson, Atty. Gen., of West Virginia, Morton I. Taber, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

Petitioner is presently serving a life sentence in the West Virginia State Penitentiary. The sentence was imposed by the Circuit Court of Boone County on May 20, 1960, following Petitioner's guilty plea to a murder indictment. Petitioner filed in this Court a petition for a writ of federal habeas corpus. Counsel was appointed and a plenary hearing was held on September 16, 1968.

Petitioner's basic contention is that he plead guilty to second degree murder and that his life sentence for first degree murder is therefore unlawful and oppressive. The factual issue to be determined is Petitioner's subjective intent. This is the vital factor. To what did the Petitioner believe he was pleading guilty? The substantial weight of the evidence clearly demonstrates that Petitioner in fact knew he was pleading guilty to first degree murder, and not to second degree murder, and further, that he fully understood the charge against him and the consequences flowing from a guilty plea.

Petitioner's state trial court counsel testified at the plenary hearing before this Court, and the exhibits filed at the plenary hearing also show, that Petitioner was, in fact, charged with murdering two persons under two separate indictments. His trial counsel testified concerning his learning from the assistant prosecutor that one indictment would be dismissed upon Petitioner's plea of guilty, and that the prosecutor was not totally adverse to leniency in this case. Petitioner's attorney further testified that, considering all the evidence, it was his professional opinion that there was a substantial opportunity that Petitioner would be saved from the death penalty by entering a plea of guilty, and he so informed and advised the Petitioner. At no time did Petitioner suggest a defense to the charges of murder. Petitioner's trial counsel further stated that at no time was there any other murder level discussed except first degree murder. This strongly indicates that Petitioner was fully aware of the circumstances surrounding the entering of his plea.

Petitioner testified at the plenary hearing that he thought he was pleading guilty to second degree murder. But the record of the arraignment proceeding does not support this conclusion. It shows that he simply plead guilty to the indictment as read to him. Petitioner claims that he was very surprised to receive a life sentence, because of his intent to plead guilty to second degree murder.

■ This Court seriously questions Petitioner's good faith in raising this issue. The state trial record reveals no objection voiced by the Petitioner on the pronouncement of sentence. Petitioner has waited nearly eight years before first raising this point of objection to any court. This Court finds incredible the assertions of the Petitioner that he was tricked into entering a plea of guilty. This eight years lapse of time substantially blackens the good faith and credibility of the Petitioner. See Rakes v. United States, 231 F.Supp. 812 (N.D. Va.1964).

■ Moreover, the preponderance of the evidence indicates that Petitioner fully understood the consequences flowing from his plea of guilty. The trial transcript shows that Petitioner was represented by counsel. Where the record shows the presence of competent counsel, it is reasonable to assume that Petitioner had the benefit of legal advice and that he had been informed of his rights under the law. Pifer v. United States, 147 F.Supp. 681 (N.D.W.Va.1957). Petitioner replied in the affirmative at his arraignment when asked by the trial court if he understood the significance of his plea. He also answered positively to the court's inquiry into his knowledge of what he was doing. It is true that the trial court did not advise Petitioner what possible punishments his plea of guilty might entail. However, there was no prejudice resulting to Petitioner as the evidence shows that he was fully apprized of the effect his guilty plea might have.

■■ Petitioner also complains that his life sentence for first degree murder is improper because the indictment did not charge him with first degree murder and because the prosecution failed to prove the elements of first degree murder. The indictment in this case is proper. It follows substantially the suggested form of indictment for murder, W.Va.Code, ch. 62, art. 9, § 3 (Michie 1966), using the allegations as included in the definition of murder as set out in W.Va.Code, ch. 62, art. 2, § 1 (Michie 1966). At common law there were no degrees of murder. State v. Loveless, 139 W.Va. 454, 80 S.E.2d 442 (1954). Although murder has now been statutorily divided into first degree and second degree in West Virginia, W.Va.Code, ch. 62, art. 2, § 1 (Michie 1966), the common law form of murder indictment prevails in West Virginia. The charge is simply presented as murder, without the limiting attachment of degree. W. Va.Code, ch. 62, art. 9, § 3 (Michie 1966). Since there is no such thing as

an indictment for murder in the first or second degree, State v. Johnson, 49 W. Va. 684, 39 S.E. 665 (1961), the indictment charging murder will, of course, support a conviction of first degree murder. State v. Sheppard, 49 W.Va. 582, 39 S.E. 676 (1901).

Petitioner apparently confused the law as to the burden of proof required at a subsequent trial for murder with the legal effect of his guilty plea to first degree murder. In West Virginia it has been held that once a homicide is proved it is prima facie second degree murder. State v. Dodds, 54 W.Va. 289, 46 S.E. 228 (1903); State v. Welch, 36 W.Va. 690, 15 S.E. 419 (1892); State v. Cain, 20 W.Va. 679 (1882). The West Virginia Supreme Court of Appeals refuted this statement in State v. Sauls, 97 W.Va. 184, 124 S.E. 670 (1924), but reverted back to the old line of cases in State v. Stevenson, 147 W.Va. 211, 127 S.E.2d 638 (1962). Notwithstanding any presumption or lack of presumption of second degree murder, it is true that once a homicide is proved, the burden of proof is upon the prosecution to establish conclusively all the elements of first degree murder. State v. Stevenson, supra.

Petitioner has erroneously thought these rules to remain applicable even after a plea of guilty. However, the traditional rules of burden of proof are abrogated by a plea of guilty by the accused. In State ex rel. Combs v. Boles, 151 W.Va. 194, 151 S.E.2d 115 (1966) the West Virginia Supreme Court of Appeals concisely stated the effect of a guilty plea as constituting "an admission of whatever is well charged in the indictment. It admits the criminating facts alleged and the statutory elements of the offense charged." State ex rel. Combs v. Boles, 151 W.Va. at 200, 151 S.E.2d at 119. By pleading guilty one "subjects himself to the full legal penalty for that offense, as if he had been tried and convicted. A plea of guilty accepted and entered by the court is a conviction or the equivalent of a conviction of the highest order," the im-

position of sentence being the only act remaining. State ex rel. Combs v. Boles, 151 W.Va. at 200, 151 S.E.2d at 119. The guilty plea, then, by admitting all the essential elements of a crime, obviates the requirement of the prosecution coming forth with evidence to prove these elements.

In holding that the Petitioner knowingly and voluntarily pleaded guilty to first degree murder, it is unnecessary to decide whether a plea of guilty to the common law form of murder indictment will, absent an evidentiary hearing, only support a sentence based on the lesser included offense of second degree murder.

Petitioner further contends that he was deprived of the effective assistance of counsel at his state court proceedings. He bases this on the claim that his attorney stood idly by while the state trial court wrongfully imposed an excessive sentence upon Petitioner. In finding, as a point and matter of fact, in this decision that the Petitioner voluntarily plead guilty to first degree murder, the life sentence was then rightfully imposed. This renders Petitioner's argument groundless. The evidence presented at the plenary hearing shows that Petitioner had competent counsel, who, using his best judgment, advised Petitioner to plead guilty to first degree murder in an attempt, apparently successful, to spare Petitioner from the harsh capital punishment that existed at that time.

Petitioner's contention that he is suffering from cruel and unusual punishment is likewise based upon the claim of excessive sentence imposed upon his guilty plea. In holding that Petitioner voluntarily plead guilty to first degree murder and that the life sentence was properly entered, the Court vitiates this contention.

Petitioner in his testimony at the plenary hearing impliedly asserted collusion between his appointed counsel, the prosecutor, and the trial court judge. This accusation was raised by Petitioner's al-

legation that his appointed counsel and the prosecutor were brothers, and that all three persons possessed the same surname. This naked assertion, entirely devoid of substantiating evidence, can be dismissed as being totally frivolous. Petitioner, in an attempt to raise every conceivable ground, irresponsibly disregarded the facts in suggesting this allegation.

For the reasons as set out above, an order will be entered denying relief and dismissing the petition.