**Rodger F. HOLMES, Petitioner,**

v.

**STATE OF WISCONSIN, Respondent.**

**No. 71-C-24.**

United States District Court,
E. D. Wisconsin.

Feb. 18, 1972.

Greenberg, Karp, Heitzman & Edhlund by Sandra Edhlund, Milwaukee, Wis., for petitioner.

Robert P. Warren, Atty. Gen., of Wis., by William A. Platz, Madison, Wis., for respondent.

## MEMORANDUM ORDER

MYRON L. GORDON, District Judge.

Pursuant to an order of the court of appeals dated September 16, 1971, a hearing was held in this court on January 25, 1972 in connection with the petitioner's contention that his plea of guilty in the state court on February 4, 1970 was not a voluntary act but, on the contrary, was induced by representations on the part of his attorney "which caused Holmes to lie to the trial court."

Mr. Holmes testified at the hearing that his attorney, John Grogan, informed him that as a result of his negotiations with the district attorney, Mr. Read, he could "guarantee" Mr. Holmes that a guilty plea would result in probation. Mr. Holmes' testimony in this regard was confirmed by his brother-in-law, William Pilgrim, who swore that he was present when the matter was discussed between Mr. Holmes and his attorney. Mr. Holmes also averred that his attorney had warned him that the district attorney was considering other charges against him, which would be avoided by a guilty plea to the existing charge.

Although the district attorney, Mr. Read, testified at the hearing and denied making any such promises, the respondent rested without calling the attorney, John Grogan, who had allegedly made the misrepresentation to Mr. Holmes. Although Mr. Grogan was expected at the hearing, it appears that his absence was attributable to transportation difficulties; nevertheless, respondent's counsel chose not to avail himself of the opportunity, which was proferred by the court, to postpone the proceedings; the attorney general voluntarily decided to rest his case without the benefit of Mr. Grogan's testimony.

An examination of the transcript of proceedings held before Judge Zastrow on February 4, 1970, demonstrates that Mr. Holmes was carefully interrogated regarding the voluntary character of his proposed plea of guilty. Judge Zastrow's examination into the matter was comprehensive, and Mr. Holmes' responses clearly warranted Judge Zastrow's acceptance of the guilty plea. However, at the hearing held in this court, Mr. Holmes disavowed his statements in that court, claiming that he lied in order to go along with the "deal" which his attorney said had been made. After the sentencing, he promptly sought to challenge the proceeding which attended his change of plea. Cf. Richards v. Coiner, 290 F.Supp. 922 (N.D. W.Va.1968).

The respondent urges that Mr. Holmes lied both to Judge Zastrow and to his probation officer. However, the testimony which he gave under oath in this court regarding the "guarantee" given him by Mr. Grogan stands essentially uncontradicted; on the contrary, it is confirmed by Mr. Pilgrim's testimony.

The petitioner's claim that his attorney informed him of the prospect of additional charges being filed against him, while denied by Mr. Read, has not been refuted by Mr. Grogan. There is some doubt that his guilty plea was entirely free from coercion. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). While the respondent points to Mr. Holmes' acknowledged falsehood, I find, in the absence of Mr. Grogan's testimony, that the petitioner's application for habeas corpus must be granted. Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

Now, therefore, it is ordered that the petition for habeas corpus be and hereby is granted unless within ten days from the date hereof the state authorities permit Mr. Holmes to withdraw his plea of guilty and enter a not guilty plea.