## UNITED STATES v. GALLO.

### Cr. No. 39041.

District Court, E. D. New York.

May 3, 1943.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Albert V. DeMeo, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for plaintiff.

Joseph H. Wackerman, of Brooklyn, N. Y., for defendant.

MOSCOWITZ, District Judge.

This action was tried by the Court without a jury, the jury having been waived.

There is no question of fact in the case. It is satisfactorily established that the defendant on December 23, 1940, registered pursuant to the Selective Training and Service Act of 1940, as amended, 50 U.S. C.A.Appendix § 301 et seq.; that he unlawfully and knowingly made a false statement as to his liability for service. In the questionnaire submitted by him to the Local Board he falsely stated in substance and in effect, in answer to questions concerning persons who lived with him in a home maintained by him and entirely or partly dependent upon his earnings from his work in his business, occupation or employment, that during the preceding twelve months he was divorced from his wife, Lois Gallo, and that he contributed the sum of $15 and clothing towards the support of his wife, Lois Gallo, and the children of that marriage, and that he thereafter married one Marie Gallo and contributed all of his earnings to the support of Marie Gallo and the children of that marriage. All of these statements were false.

The Local Board, relying upon the answers in the questionnaire, placed the defendant in Class 3A.

The defendant is charged with violation of 50 U.S.C.A.Appendix § 311, which provides: "* * * any person who shall knowingly make, or be a party to the making of, any false statement or certificate as to the fitness or unfitness or liability or nonliability of himself * * * for service under the provisions of this Act, * * * shall, upon conviction in the district court of the United States having jurisdiction thereof, be punished * * *."

The defendant's attorney in his brief argues that the false statements made by the defendant in his questionnaire are immaterial and that therefore no crime has been established.

Under 50 U.S.C.A.Appendix § 311, the crime would be complete even though the false statements were immaterial, however here the statements were quite material. The statement of the defendant as to his marital status is material to the determination to be made by the Local Board. His marital status and his contribution made to dependents are of great materiality to a Local Board in determining the status of a person about to be called to military duty.

In reliance upon the false statements made by the defendant he was classified in 3A. Had the Local Board been truthfully informed of the facts defendant would have lost his 3A classification.

■ Registrants are required to make truthful answers to questions propounded to them by the Local Board. A false statement by such registrant knowingly made as to his fitness or unfitness or liability or nonliability of himself for service is a crime under 50 U.S.C.A.Appendix §311.

■ The defendant had been separated from his wife Lois Gallo and children since 1937 and had been living with Marie Gallo who is not his legal wife. The defendant had made spasmodic and irregular payments to his wife Lois Gallo and children for their support and maintenance. He refused to make such contributions until ordered to do so by the Children's Court of Suffolk County.

The defendant is found guilty of making false statements in his questionnaire which were material and relevant and which were calculated to and did deceive the Local Board in its decision relating to the classification of the defendant.

Judgment accordingly.