## UNITED STATES v. VIRZERA (two cases).

### Nos. 95, 96.

Circuit Court of Appeals, Second Circuit.

May 7, 1945.

Julien Cornell, of New York City, for appellants.

T. Vincent Quinn, of Brooklyn, N. Y. (Vine H. Smith, Hyman H. Goldstein, and Mario Pittoni, all of Brooklyn, N. Y., of counsel), for appellee.

Before EVANS and CHASE, Circuit Judges, and HINCKS, District Judge.

HINCKS, District Judge.

The two appellants here were each tried separately and convicted of violations of the Selective Service Act, 50 U.S.C.A. Appendix § 311. Each appealed and the appeals were consolidated. The trial records in the two cases were substantially the same, as are also the assignments of error.

The indictments charged that each appellant had knowingly made false statements as to his "liability or nonliability * * * for service under the provisions" of the Act, in that each had falsely stated that he was a citizen not of the United States but of Italy. It was stipulated or conceded on brief that their father had been naturalized on February 7, 1924, that his naturalization had not been revoked prior to his death in 1931, and that the appellants had in fact derived citizenship from the naturalization of their father and had voted on numerous occasions. This gist of the defense was based upon testimony of the appellants that in the summer of 1940 they had discovered among their father's papers documents showing that he had been absent from the country for a time in 1922 shortly prior to his petition for citizenship, that as a result of this information they believed that their father's naturalization, predicated upon a petition in which he had represented himself to have resided continuously in this country for the preceding five years, was invalid as fraudulent, and that they consequently were without legal right to claim citizenship in the United States. Thereafter they registered as aliens under the Alien Registration Act, 8 U.S.C.A. § 451 et seq. and when it came time to fill out their Selective Service questionnaires made the statements as to their citizenship which the government contends were deliberately false. Thus the only contested issue was whether their misstatements were knowingly made.

█ On these appeals, it was contended that the verdict was not supported by the evidence, there being no proof of criminal intent. But as to this, the only evidence that the statements, concededly erroneous, had been honestly made under a mistake of law, came from the defendants themselves. It was, of course, within the province of the jury to reject this testimony. And with this testimony gone, on the conceded facts there was ample room for an inference of criminal intent.

█ The contention that a statement denying citizenship in the United States, being a conclusion of law, is not a statement as to "liability or non-liability" for service under the provisions of the Selective Service Act, is so lacking in merit as to deserve no discussion.

█ It is urged that the trial judge erred in refusing to declare a mistrial when it appeared in the evidence that a third brother, Armand, was absent and wanted by the Federal Bureau of Investigation. However, the rulings of the trial judge were unexceptionable and made it abundantly clear to the jury that Armand's absence was not at all material to the cases on hand. When on a proper inquiry as to the content of a conversation with an appellant the witness stated he had inquired as to Armand's whereabouts, a resulting motion for mistrial was properly denied. To be sure, this ruling technically left the answer in the record. If counsel had thereupon requested that the answer be stricken and that the jury be again cautioned that Armand's absence was wholly immaterial, the judge's other rulings indicate plainly that the request would have been granted. But no such request was made. We are satisfied that neither prejudice nor error resulted on this score.

█ A claim of error also is predicated upon a refusal by the court to instruct the jury as to the content of the naturalization laws prohibiting and penalizing the use of citizenship certificates known to have been fraudulently obtained. Apparently counsel felt that the content of these laws tended to corroborate the appellants' claim that their statements were made under an honest mistake of law.

But as to this, neither appellant claimed to have consulted the statutes relating to naturalization. Instead, it was their testimony that they consulted some "naturalization pamphlet * * * printed in Washington" which they had in their home. Doubtless that pamphlet, if duly offered in evidence, would have been received. But it was not offered, and to fill that gap in their evidence they were not entitled to have the judge, after the evidence was closed, read the statutes relating to naturalization. In this connection we must not overlook the fact that the contested issue was not as to citizenship: it was rather the appellants' belief as to their citizenship.

Nor did the appellants suffer any prejudice by reason of the judge's refusal to instruct the jury as to the naturalization laws. For instructions on this subject, if

190

complete, must needs have included explanation that a temporary absence is not necessarily inconsistent with the requirement of a five years' continuous residence (the requirement upon which the appellants' erroneous conclusions were purportedly predicated). United States v. Deans, 8 Cir., 230 F. 957; In re Conis, D.C., 35 F. 2d 960. Cf. 8 U.S.C.A. § 707(b). For aught that appears, the appellants had no information whatever that their father's absence prior to naturalization was such as to break the continuity of his residence. Thus the charge requested, if expanded sufficiently to be complete, would have given no support to the substance of the defense.

These observations also dispose of the claim of error in charging, in Salvatore's case, that there was no evidence that his father had fraudulently obtained naturalization. At most, the evidence showed a temporary absence from the country prior to naturalization. More than that bare fact would have been required to make even a prima facie showing of fraud.

After careful examination of all claims of error in the light of the entire record, we are satisfied that each appellant had a fair trial free from error and that in each case the conviction was fully deserved.

Affirmed.