**UNITED STATES v. VALENTI et al.**
**Cr. No. E–4855.**

District Court, W. D. Pennsylvania.
Dec. 16, 1947.

Owen Burns, U. S. Atty., of Erie, Pa., and Morris D. Canter, Asst. U. S. Atty., of Pittsburgh, Pa., and Frank H. Patton, Sp. Asst. to the Atty. Gen., for the Government.

Charles J. Margiotti and Vincent M. Casey, both of Pittsburgh, Pa., for defendant, Frank Joseph Valenti.

WATSON, District Judge.

This case is before the Court on a motion by the defendant Valenti to dismiss the indictment. The hearing on the motion was held at Harrisburg, Pennsylvania, December 3, 1947. Arguments were heard and briefs were filed.

The indictment complained of was returned in open court on the 19th day of March, 1947 at Pittsburgh, in the District Court of the United States for the

Western District of Pennsylvania. The indictment in four counts appears to have been returned in proper form, and no exceptions or objections were raised as to the procedure involved therein. The objections here are to the substance of the Counts which are hereinafter described.

■ The first Count alleged a conspiracy to evade and avoid the provisions of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A. Appendix, § 301 et seq. It is urged by the defendant that this Count is defective in that it fails to allege an overt act. Defendant's brief states "that although it appears to have been drawn 'under' the provisions of 50 U.S. C.A. Appendix, § 311, nevertheless, it was drawn strictly in accordance with the language of the General Conspiracy Statute, 18 U.S.C.A. § 88, which requires an allegation of an overt act."

The indictment in its caption and endorsement contains the citation of 50 U.S. C.A. Appendix, § 311. Nowhere does it mention 18 U.S.C.A. § 88. The absence of an allegation of an overt act should combine with the statutory reference to make it apparent that Count 1 of the indictment was not intended to indict the defendant for a violation of the so-called general conspiracy statute but for conspiracy under the provisions of the Selective Training and Service Act of 1940, where the allegation of an overt act is not required. Singer v. United States, 323 U.S. 338, 65 S.Ct. 282, 89 L.Ed. 285.

It is the opinion of this Court that Count 1 is proper and should not be dismissed.

The Circuit Court of Appeals for the Second Circuit, in the recent case of United States v. Negro, 164 F.2d 168, held that a conviction of conspiracy in violation of 18 U.S.C.A. § 88, will be sustained where an overt act, other than those overt acts averred in the indictment, was proved at the trial, and no one of those overt acts averred in the indictment was proved. By the same reasoning the conclusion could be reached in this case, that the Government would have an opportunity to prove an overt act at the time of trial, though none was averred in the indictment. However, this Court has already deter-mined the disposition of that part of the defendant's motion on other grounds.

■ Counts II and III are contended to be defective in failing to charge that the defendant "knowingly" failed and neglected to report to his Draft Board. 50 U.S.C.A. Appendix, § 311 reads in part as follows: " * * * Who in any manner shall knowingly fail or neglect to perform any duty required of him under or in the execution of this Act, or rules or regulations made pursuant to this Act * * *."

In United States v. Trypuc, 2 Cir., 136 F.2d 900, the Court held: "Only a person who knowingly fails or neglects to perform a duty required of him by Selective Service Act or regulations promulgated thereunder is punishable for such non-performance of duty. * * * But we do not think the Regulations can be interpreted so broadly as to read 'knowingly' out of the statute. Not every failure to perform a duty imposed by the statute or regulations is made criminal; only a person 'who shall knowingly fail or neglect' his duty is to be punished."

In the case of United States v. Max, 156 F.2d 13, the Circuit Court of Appeals for the Third Circuit found an indictment to be defective which failed to aver that the defendant had knowingly possessed counterfeit ration documents. This case arose out of wartime legislation, and involved a ration order of the Office of Price Administration. Other District Court cases, United States v. Weiss, D.C., 65 F.Supp. 556; and United States v. Gallo, D.C., 50 F.Supp. 158; sustain the contention of the defendant. These latter cases do not involve the dismissal of an indictment but concern trial error.

The Government relies upon the case of Schultz v. United States, 9 Cir., 155 F.2d 721, which involved an indictment charging a violation of the Selective Training and Service Act of 1940. The Court there held that the indictment was not defective because it did not contain the words "feloniously", "wilfully", and "unlawfully". The word "knowingly" was used; therefore, the Schultz case does not support the Government's position. The Government cites

also Wheatley v. United States, 4 Cir., 159 F.2d 599. This case involved the omission of the word "knowingly" from an indictment for violation of the Lindbergh, or Kidnapping, Act, 18 U.S.C.A. §§ 408a, 408d. The Court held that the indictment was somewhat informal and that the element of "knowledge" was necessarily implied from the allegation that the defendant had unlawfully seized and kidnapped the victim and transported him in interstate commerce. This was a case of a violent crime and this Court does not feel that an analogy can be drawn between the Wheatley case and the case at bar. The Government further cites Part II of the Bulletin on Federal Rules of Criminal Procedure, published by the Department of Justice, in Vol. I of May 27, 1946, No. 14, from which the following quotation is taken: "There appears to be some reluctance to drop certain superfluous words and phrases from indictments. A typical example would be the words 'unlawfully', 'feloniously', and the like. Where the statute upon which the particular count is predicated makes wilfulness or knowledge an element of the offense, it is, of course, necessary to use the words 'wilfully' or 'knowingly'. However, where the statute does not use such words in defining the offense, they should not appear in the indictment."

This instruction substantiates the decisions of the Courts requiring that the word "knowledge" appear where willfulness or knowledge is an element of the offense and, by the very words of 50 U.S.C.A.Appendix 311, "knowledge" is made an element of the offense.

Although the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, now in effect have tended somewhat to make indictments less formal, it is not the intention of this Court to change substantive law by deciding that an offense may be charged without averring the essential elements thereof.

Counts II and III of the indictment are fatally defective and should be dismissed.

■ Defendant also contends that Counts I, II and IV of the indictment are "repugnant". Inasmuch as Counts II and III have been held to be defective and should be dismissed, the question is academic. The "repugnancy" alleged is that the various counts of the indictment aver different classifications under the Selective Service Act for the defendant during a period of time in which it would have been possible for the defendant to have but one classification. This question need not be decided here, although this Court believes that it is within the power of the Grand Jury to indict the defendant for offenses which may seem "repugnant", but which in effect simply follow the historic procedure of indicting in the alternative with the intention of proving one of the counts therein. "Repugnancy" of the type claimed by the defendant does not exist in the remaining two counts, I and IV, as each count avers that the defendant was in class IA.

■ The remaining objection urged by the defendant was to the use by the Government of aliases in the indictment. No indication is before this Court that the aliases set forth in the indictment will not be proved in the trial of the case. This Court is aware of the prejudice which such aliases might cause, but feels that a proper instruction to the jury, should the aliases not be proved at the time of the trial, will be sufficient to avoid prejudice. Commonwealth v. Neuman, 151 Pa.Super. 642, 30 A 2d 698.

Now, this 16th day of December, 1947, the motion of Frank Joseph Valenti to dismiss the indictment is granted as to Counts II and III of the indictment, and the indictment is dismissed as to Counts II and III. The motion of Frank Joseph Valenti to dismiss the indictment as to Counts I and IV is denied.