UNITED STATES of America,
Appellee,

v.

Frank TERMINI, Appellant.

No. 287, Docket 25314.

United States Court of Appeals
Second Circuit.

Argued May 4, 1959.

Decided June 2, 1959.

Daniel H. Greenberg, New York City (William W. Kleinman, Brooklyn, N. Y., on the brief), for appellant.

William H. Sperling, Sp. Asst. U. S. Atty., E. D. N. Y., Brooklyn, N. Y. (Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., on the brief), for appellee.

Before CLARK, Chief Judge, WATERMAN, Circuit Judge, and GALSTON, District Judge.

CLARK, Chief Judge.

■ Frank Termini appeals from his conviction for violation of 50 U.S.C. Appendix § 462(a) for making false statements to his Selective Service Board on August 19, 1953, September 16, 1953, and February 16, 1954, that he was then living with his wife and child. Trial was had before Judge Bruchhausen, a jury having been waived. The sole issue seriously contested at the trial was the truth or falsity of his statements to the Draft Board. The testimony of Termini's former wife, who had divorced him some time prior to the trial, and that of her parents, with whom she and their child resided during the period in question, provide ample support for the trial judge's finding that Termini was not living with them as he had said he was. The credibility of these witnesses, of course, is not a matter upon which we may substitute our judgment for that of the court below. Hence the substantial question before us is his contention that the testimony of his former wife was improperly admitted.

■■ Two distinct evidentiary privileges have been recognized as arising from the marital relationship—a right to bar all testimony of one spouse adverse to the other, and a more limited privilege applicable only to confidential marital communications. Pereira v. United States, 347 U.S. 1, 6, 74 S.Ct. 358, 98 L.Ed. 435; United States v. Walker, 2 Cir., 176 F.2d 564, 567, certiorari denied 338 U.S. 891, 70 S.Ct. 239, 94 L.Ed. 547; United States v. Mitchell, 2 Cir., 137 F.2d 1006, 1007–1008, adhered to 2 Cir., 138 F.2d 831, certiorari denied Mitchell v. United States, 321 U.S. 794, 64 S.Ct. 785, 88 L.Ed. 1083. As the present-day justification of the former is said to be its minimizing of marital discord, Hawkins v. United States, 358 U.S. 74, 79 S.Ct. 136, 3 L.Ed.2d 125; United States

v. Walker, supra, 2 Cir., 176 F.2d 564, 568, it is well settled that the privilege ends with the dissolution of the marriage as by divorce. Pereira v. United States, supra, 347 U.S. 1, 6, 74 S.Ct. 358, 98 L.Ed. 435. And while the latter privilege is generally acknowledged to survive the termination of the marriage, it is authoritatively limited to utterances to one's spouse intended to be kept confidential. Clearly it does not here extend to the testimony of defendant's ex-wife, which largely dealt with her residence with her parents, the membership of their household, and kindred matters. Pereira v. United States, supra, 347 U.S. 1, 6, 74 S.Ct. 358, 98 L.Ed. 435; United States v. Mitchell, supra, 2 Cir., 137 F. 2d 1006, 1009. Moreover, we find no merit in defendant's vigorously urged contention that the recent decision of Hawkins v. United States, supra, 358 U.S. 74, 79 S.Ct. 136, 3 L.Ed.2d 125, supports his position. In that case the Supreme Court did no more than reaffirm the broader of the two marital privileges, despite that privilege's doubtful efficacy. See Yoder v. United States, 10 Cir., 80 F.2d 665; United States v. Walker, supra, 2 Cir., 176 F.2d 564, 569 (dissent of Clark, J.); United States v. Graham, D.C.E.D.Mich., 87 F.Supp. 237; McCormick on Evidence 145 (1954). We find no suggestion in the Court's opinion of an intent to disturb the well settled limitations of the privilege as to confidential communications which it had reaffirmed only shortly before in Pereira v. United States, supra, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435.

■ Similarly, there is no merit in defendant's final contention that his statements were not material to his draft classification, since he was entitled in any event to a deferment on grounds of resulting hardship to his child under Selective Service Regulations, 32 CFR § 1622.30(b). Sec. 462(a), 50 U.S.C. Appendix, by its terms requires only that the false statement be one "regarding or bearing upon a classification or in support of any request for a particular classification," while under the perjury statute, 18 U.S.C. § 1621, and the statute dealing with false statements to the Government, 18 U.S.C. § 1001, it suffices to show that the falsehood "is capable of influencing the tribunal," United States v. Henderson, 7 Cir., 185 F.2d 189, 191, or that it "could affect or influence the exercise of a governmental function," Freidus v. United States, 96 U.S.App. D.C. 133, 223 F.2d 598, 601. Moreover, in United States v. Rubinstein, 2 Cir., 166 F.2d 249, 254–255, this court came close to holding that a registrant's right to draft deferment on one ground is wholly irrelevant to the criminality of false statements supporting an application for deferment on another. But defendant's contention here may be more narrowly answered. For he has not shown that he would have received a deferment on grounds of hardship to his dependent child had he not been deferred as living with his wife and child.

Conviction affirmed.