**UNITED STATES of America,**
**Plaintiff,**

v.

**Stephen Lynn SMITH, Defendant.**

**Cr. No. 4–1105–C.**

United States District Court
S. D. Iowa,
Central Division.

Feb. 3, 1966.

The defendant was charged with violation of statute making it a criminal offense for one to wilfully and knowingly mutilate and destroy his selective service registration certificate and with violating the regulation requiring registrant to have his registration certificate in his possession at all times. The District Court, Stephenson, Chief Judge, held that the statute is constitutional, and that the defendant had violated the statute. The court further held that the count which charged that defendant failed to have in his personal possession his registration certificate failed to state an offense for failure to state that defendant knowingly violated the regulation.

D. M. Statton, U. S. Atty., Jerry E. Williams, Asst. U. S. Atty., for plaintiff.

Craig T. Sawyer, Des Moines, Iowa, for defendant.

STEPHENSON, Chief Judge.

This matter is now before the Court upon the motion of the defendant, Stephen Lynn Smith, to dismiss the indictment filed against him. Pursuant to Federal Rule of Criminal Procedure 12 (b) (4), ruling on the motion was deferred, and evidence relating to the defendant's motion to dismiss was received during the trial of the general issue. The basic contention which the defendant raises in his motion to dismiss is that the indictment involved herein charges him with violation of laws that are unconstitutional. The several constitutional grounds upon which the defendant premises his contention will be considered individually by the Court.

### I.

The defendant alleges that the statutory provisions contained in Count I of the indictment violate the fifth amendment in that they have no reasonable relation to an enumerated power of Congress.

The concept of due process of law as it is embodied in the fifth amendment demands that a law shall not be unreasonable, arbitrary, or capricious and that the means selected shall have a reasonable and substantial relation to the object being sought. Nebbia v. People of State of New York, 291 U.S. 502, 525, 54 S.Ct. 505, 78 L.Ed. 940 (1934).

It is conceded by the defendant that Congress had the power to enact the Universal Military and Selective Service Act. See Selective Draft Law Cases (Arver v. United States et al.), 245 U.S. 366, 38 S.Ct. 159, 62 L.Ed. 349

(1918). Pursuant to 50 U.S.C. App. 460 of that Act, a regulation has been promulgated which provides that "every person required to present himself for and submit to registration must, after he is registered, have in his possession at all times his Registration Certificate prepared by his local board which has not been altered and on which no notation duly and validly inscribed thereon has been changed in any manner after its preparation by the local board. The failure of any person to have his Registration Certificate in his personal possession shall be prima facie evidence of his failure to register." 32 C.F.R. § 1617.1 (1962). Consistent with this long standing regulation, it would appear reasonable for Congress to enact a law to punish any person "who forges, alters, knowingly destroys, knowingly mutilates, or in any manner changes any such certificate or any notation duly and validly inscribed thereon." 50 U.S.C. App. § 462 (Supp. 1965). Thus, while the defendant urges that the amendment to 50 U.S.C. App. § 462 (1964) was passed solely for the purpose of regulating protest, the statute as amended is obviously a natural corollary to the regulation requiring a registrant to have his registration certificate in his possession at all times. It is not unreasonable, arbitrary or capricious. On the contrary, this statutory amendment has a reasonable and substantial relation to the implementation of the Selective Service Act and existing regulations. The amendment here under consideration is thus not violative of the constitutional requirements embodied in the due process clause of the fifth amendment.

## II.

The defendant further contends that the law he is charged with violating in Count I of the indictment deprives him of rights secured by the first amendment in that it infringes upon his freedom of speech and his right to assemble. In order for the defendant to establish a violation of the constitutional guarantee of freedom of speech, he must prove that the burning of a registration certificate is a form of speech and that such a form of communication is protected by the first amendment. The defendant testified at his trial that he burned his registration certificate because he felt that it was the only manner in which he could effectively communicate certain of his political ideas. Due to this circumstance, defendant contends that his action was protected by the free speech guarantee of the first amendment. The concept that symbolic acts, as well as speech itself, falls within the purview of the freedom of speech guarantee is not new and it will be assumed for the purpose of this motion that defendant has established that his act falls within that concept. See West Virginia State Bd. of Educ. v. Barnette, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943); Stromberg v. People of State of California, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931). Nevertheless, although it will be assumed that it has been established that the defendant's act was a form of communication, it is clear that any regulation thereof results only in a partial abridgment of his freedom of speech because other, more normal, forms of communication are still open to him. Moreover, it is clear that the freedom of speech guarantee is not absolute. See, e. g., Dennis v. United States, 341 U.S. 494, 503, 71 S.Ct. 857, 95 L.Ed. 1137 (1951); Near v. State of Minnesota ex rel. Olson, 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357 (1931); Pocket Books, Inc. v. Walsh, 204 F.Supp. 297 (D.Conn.1962). Consequently, this Court must determine whether, in this instance, the partial abridgment of defendant's freedom of speech is justified by Congress' decision to make the burning of a registration certificate unlawful. See American Communications Ass'n, C. I. O. v. Douds, 339 U.S. 382, 400, 70 S.Ct. 674, 94 L.Ed. 925 (1950).

The defendant strongly urges that the purpose of Congress in passing the amendment must be considered in any determination concerning the alleged unconstitutional abridgment of his freedom of speech, and that the purpose

thus determined is what must be weighed against any abridgment of defendant's freedom of speech. Accordingly, the defendant contends that the sole congressional purpose in passing this amendment was to stifle criticism of United States' policies in the conduct of the Viet Nam war and has included in his memorandum in support of his motion to dismiss the legislative history of the amendment. It is a general rule, however, that courts will consider legislative debates and reports only when the language of a statute is unclear and ambiguous. See, e. g., Warner v. Dworsky, 194 F.2d 277 (8th Cir. 1952); Bowles v. Goebel, 151 F.2d 671 (8th Cir. 1945); United States v. Socony Mobil Oil Co., 150 F.Supp. 202 (D.Mass.1957). The language of the amendment involved herein even when considered in the context of the entire statute, is clear and unambiguous. This Court will not indulge in speculation as to the probable or possible considerations which might have prompted Congressmen to vote for or against the amendment. See, e. g. Bruner v. United States, 343 U.S. 112, 116, 72 S.Ct. 581, 96 L.Ed. 786 (1952), citing Insurance Co. v. Ritchie, 72 U.S. (5 Wall.) 541, 18 L.Ed. 540 (1866); Odell v. Humble Oil & Refining Co., 201 F.2d 123 (10th Cir. 1953); Vroon v. Templin, 278 F.2d 345 (4th Cir. 1960); United States v. West View Grain Co., 189 F.Supp. 482 (N.D.Iowa 1960).

This Congressional amendment must be evaluated in the context of the law governing the Selective Service System and its effect therein. It is the function which the amendment serves in the implementation of that system which must be considered in determining whether the defendant's freedom of speech was unconstitutionally abridged by the amendment.

As previously discussed, the statutory amendment involved herein appears to be a logical adjunct to the regulation requiring a Selective Service registrant to have his registration certificate in his possession at all times. The desirability of such a regulation in promoting the effective operation of the Selective Service System in our highly transient society of today is obvious since it may be presumed [1] that an individual of proper age who fails to produce his registration certificate after a proper request has been made is not registered with the Selective Service System. The wilful destruction of that certificate hampers attempts to discover non-registrants. Consequently, the amendment making the wilful destruction or mutilation of a registration certificate unlawful promotes the operation of the Selective Service System. On the other hand, the defendant is still free to express his opinions through other media. The function of the statute in these circumstances would appear to justify the limited abridgment of defendant's freedom of speech which occurred when the burning of his draft card was made illegal. It is the view of this Court, therefore, that the partial abridgment of the defendant's freedom of speech that occurred because of the passage of the Congressional amendment herein under consideration does not fall within the purview of those abridgments forbidden by the freedom of speech guarantee of the first amendment. In this instance it is the effective and efficient operation of the Selective Service System, not the defendant's right to use this particular form of communication, which is entitled to the protection of the law. The constitutional right to freedom of speech does not immunize conduct in violation of a valid criminal statute. Giboney v. Empire Storage & Ice Co., 336 U.S. 490, 498, 69 S.Ct. 684, 93 L.Ed. 834 (1949). It must therefore be concluded that the law which the defendant is charged with violating in Count I of the indictment does not deprive him of any

---

1. "* * * The failure of any person to have his Registration Certificate in his personal possession shall be prima facie evidence of his failure to register, * * *." 32 C.F.R. § 1617.1 (1962).

rights guaranteed by the freedom of speech clause of the first amendment.

### III.

 Although the defendant also alleges in his motion to dismiss that due to Count I of the indictment he is being deprived of his right peaceably to assemble as guaranteed by the first amendment, there is nothing to substantiate this allegation. It appears to the Court that the defendant's right peaceably to assemble is in no manner violated by 50 U.S.C. App. § 462 (Supp.1965).

### IV.

The defendant's final constitutional argument is that the penalties provided for in 50 U.S.C. App. § 462 (Supp.1965) constitute cruel and unusual punishment and, consequently, are violative of the eighth amendment. This contention relates to both Count I and Count II of the indictment. The claim is premature in that no penalty has been imposed upon the defendant at this time. Communist Party of United States v. Subversive Activities Control Board, 367 U.S. 1, 104, 81 S.Ct. 1357, 6 L.Ed.2d 625 (1961); United States v. Harriss, 347 U.S. 612, 627, 74 S.Ct. 808, 98 L.Ed. 989 (1954). The Court will not consider this constitutional claim at the present time.

### ORDER

It is ordered that the motion of the defendant, Stephen Lynn Smith, filed November 26, 1965, to dismiss the indictment filed against him be and is hereby denied.

### FINDINGS

The defendant, Stephen Lynn Smith, waived a jury trial in writing and requested that he be tried by the Court. The government consented thereto. Although no request has been made for special findings of fact, the Court makes the following special and general findings pursuant to Rule 23(c) Federal Rules of Criminal Procedure.

### SPECIAL FINDINGS
#### Count I.

1. Count I of the indictment filed herein charges that on or about October 20, 1965, at Iowa City, Iowa, the defendant, Stephen Lynn Smith, did wilfully and knowingly mutilate and destroy the registration certificate issued to him by the Selective Service System of the United States of America in violation of Title 50 App. Section 462, United States Code.

2. The defendant filed a motion to dismiss the indictment urging that the statute upon which the indictment (particularly Count I) is based is unconstitutional on several grounds. The motion to dismiss has been denied in a separate memorandum filed herein.

 3. On October 20, 1965, the defendant, Stephen Lynn Smith, appeared at the "soapbox sound-off" [1] in the Iowa Memorial Union, Iowa City, Iowa, and during the course of the meeting mounted the soapbox and physically burned and destroyed a substantial portion of the registration certificate issued to him by the Selective Service System of the United States.

4. The defendant at the time was twenty years of age and a student in the College of Liberal Arts at the State University of Iowa.[2] The night prior to the burning incident he notified friends and telephoned news media, including two television stations, of his intention to burn his draft card the next day. At the time he burned the card defendant expressed his opposition to the war in Viet Nam and the draft system. During the trial herein he stated he hoped to accomplish increased debate upon the subject of the Viet Nam war.

5. The defendant, in burning, mutilating, and destroying his registration

---

1. An informal forum where students gathered on a weekly basis to express their views on a variety of subjects.

2. Prior to the time of trial, approximately two months after the card burning, defendant had voluntarily dropped out of school. He testified "I dropped out. I sort of ran out of money and had a few other things on my mind."

certificate, acted knowingly and wilfully.[3] He was aware that his act was in violation of the law.

### Count II.

 At the close of the evidence defendant moved the Court to dismiss Count II of the indictment for the reason that since this count failed to charge that the defendant did "knowingly" fail to have in his personal possession the registration certificate issued to him by the Selective Service System * * * "[4] this count is fatally defective and ought to be dismissed. Rule 12 of the Federal Rules of Criminal Procedure requires the defendant to raise, by motion to dismiss before trial, "[d]efenses and objections based on defects in the institution of the prosecution or in the indictment * * * other than it fails * * * to charge an offense * * *." Fed.R.Crim.P. 12(b)(2). Although the defendant did, in this case, move to dismiss the indictment prior to trial on the basis of certain constitutional questions, it is clear that the grounds here asserted were not urged prior to trial within the meaning of Rule 12. Consequently, if the defendant is to prevail on this motion, the Court must find that the second count of the indictment does fail to state an offense.

 The modern trend has been to depart from the early practice of requiring strict compliance with the rules of pleading and against holding indictments fatally defective for very minor defects, technicalities or omissions. The current practice is to follow the general principle that formal defects, not prejudicial will be disregarded. However, even under the modern approach all of the necessary elements constituting the offense in the statute must be stated in the indictment. United States v. Chunn, 347 F.2d 717 (4th Cir. 1965).

Count II of the indictment charges the defendant with a violation of Title 50 App. § 460 U.S.C. and the regulations promulgated pursuant thereto. The penalty provision is contained in Title 50 App. § 462 which provides that "[a]ny person * * * who knowingly violates or evades any of the provisions of this title, or rules or regulations promulgated pursuant thereto relating to the issuance, transfer, or possession of such certificate, shall, upon conviction * * * (be punished)."

 The statute requires: "Knowingly violates." Mere failure to possess a registration certificate is not made a criminal offense. The failure to comply must be knowingly committed. Griffin v. United States, 173 F.2d 909 (6th Cir. 1949); United States v. Valenti, 74 F. Supp. 718 (W.D.Penn.1947).

Count II of the indictment herein fails to state all of the elements of the offense. It therefore fails to charge an offense under the statute and must be dismissed.

### General Findings

The Court finds the defendant, Stephen Lynn Smith, guilty as charged in Count I of the indictment. The Court further finds that Count II of the indictment fails to state an offense under the statute and is therefore dismissed.

Defendant will remain at liberty on his present bond pending the completion of a presentence investigation, after which defendant will be ordered to appear for sentencing.

---

3. The statute specified: "Knowingly destroys, knowingly mutilates." As here used knowingly means intentionally, wilfully, understandingly.

4. Count II of the indictment reads as follows:
 "On or about the 22nd day of October, 1965, at Iowa City, in the Southern District of Iowa, STEPHEN LYNN SMITH, being a person required to present himself for and submit to registration with the Selective Service System of the United States of America, and being so registered, did fail to have in his personal possession the registration certificate issued to him by the Selective Service System of the United States of America in violation of Title 50 App., Section 460 United States Code, and the regulations promulgated pursuant thereto."