**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Albert Nelms LUCKE, III, Defendant-Appellant.**

**No. 28816.**

United States Court of Appeals, Fifth Circuit.

Aug. 13, 1970.

---

5. Rule 35 provides in relevant part: The court may correct an illegal sentence at any time.

Stanley Wolfman, Merritt Island, Fla., for appellant.

John L. Briggs, U. S. Atty., Middle District of Florida, Jacksonville, Fla., Kendell W. Wherry, Asst. U. S. Atty., Orlando, Fla., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Albert N. Lucke, III was indicted on two counts for making false representations to his Selective Service Board in violation of § 462(a), U.S.C., Title 50 Appendix. Trial by jury was waived and he was found guilty by the district court on both counts and sentenced to three years imprisonment. On appeal he contends (1) that the misrepresentations were immaterial to his requested classification, and (2) that the evidence did not establish culpable, criminal intent to misrepresent. After careful review of the record of this case we affirm the judgment.[1]

In June of 1967 Lucke was classified I–A (available for service) by the Cocoa, Florida Selective Service Board. On receiving notice of this classification, he wrote the Board requesting reclassification on three specified grounds: (1) Classification I–4 (physical disqualification); (2) Classification II–A (occupational deferment); and (3) Classification III–3 (financial hardship). To support his request, Lucke furnished the Board with medical reports, financial statements, and employment statements.

Before the Board reached a final determination on the requested classification, however, they received notice from Lucke that he had married and that his wife had a dependent child by a former marriage. After receiving this information, the Board requested that he file a notarized statement that he was responsible for the full support and care of his wife's child. On August 20, 1967 Lucke sent to the Board a notarized letter stating that the child was residing in his home and that he was providing for the child's full support. Based on this information, the Board on August 24, 1967 reclassified him from I–A (available for service) to III–A (registrant

with child). This classification was subsequently extended on May 14, 1968 when Lucke submitted Selective Service Form 127 in which he again stated that his wife's son was living in his home and by his support.

The evidence shows that Lucke never acquired custody of the child and did not provide for the child's support. Hence the statements submitted by him to the Selective Service Board on August 20, 1967 and on May 14, 1968 were false. Nevertheless, while conceding that the statements were false, he contends on appeal that the statements were not made upon a material matter. He argues that since he did not request a dependency classification, his misrepresentations as to the dependency of his wife's child were not material to a requested classification and hence not within the purview of the statute. This argument is without merit.

Registrants are required to make truthful answers to questions propounded to them by the Board.[2] By its terms, § 462(a) only requires that the false statement be one "regarding or bearing upon a classification * * * for service under the provisions of this title * * *" Accordingly, a registrant who submits a false statement, the reasonable consequence of which would result in his reclassification is guilty of violating the provisions of § 462(a).[3] The statement of Lucke claiming a dependent child certainly had a bearing on the classification determination made by the Board. He was classified I–A (available for service) until he submitted the false information; had the Board been truthfully informed of the facts, he would not have been given his III–A (registrant with child) classification for deferment. Thus, contrary to his contention these misrepresentations were indeed most relevant

---

1. Pursuant to our rule 18 this case is decided without oral argument.

2. 50 U.S.C. Appendix § 462(a).

3. See United States v. Termini, 267 F.2d 18 (2d Cir. 1959).

and material to the Board in its classification decision.

Lucke further argues that the evidence was insufficient to establish that he knowingly and willfully intended to misrepresent the asserted fact. He admits that the statements made to the Board were false; but contends that there was no criminal misrepresentation since his false statements were made in reliance upon the representations of his attorney that he would obtain custody of his wife's child in the near future.

We are not persuaded by this reasoning. Section 462(a) was designed to prevent classifications which are not in accordance with the facts. To accomplish this objective § 462(a) makes it a crime to furnish false statements to the draft board, whether purporting to concern present facts, or matters of opinion only, or whether pertaining to the past, present, or future, if the statement is known to be untrue at the time of the assertion. In United States v. Rubinstein,[4] in considering the predecessor of the present statute, the court rejected the argument that an expression of expectation could not amount to a criminal misrepresentation:

> Even if these were but expressions of opinion pertaining to future matters only, the making of them implied that the makers believed them to be true. If this belief was not honestly entertained, therefore, the statements contained a misrepresentation of present fact.[5]

Appellant stated to the Board on two occasions that the child was *then* in his custody. Since he did not have custody of the child on either occasion these assertions were culpable misrepresentations within the purview of § 462(a).[6]

The decision of the district court was correct and is hereby affirmed.

4. 166 F.2d 249 (2d Cir. 1948), cert. den. 333 U.S. 868, 68 S.Ct. 791, 92 L.Ed. 1146 (1948).

5. 166 F.2d at 255.

6. *See* United States v. Virzera, 149 F.2d 188 (2d Cir. 1945); United States v. Gallo, 50 F.Supp. 158 (E.D.N.Y.1943).