**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Haesi Heribert BUTLER, Defendant-
Appellant.**

**No. 74–1036.**

United States Court of Appeals,
Seventh Circuit.

Argued April 22, 1974.

Decided May 7, 1974.

---

Geoffrey G. Gilbert, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Robert F. Semmer, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, HASTINGS, Senior Circuit Judge, and SPRECHER, Circuit Judge.

SPRECHER, Circuit Judge.

Defendant was indicted in four counts: failure to report for induction on August 12, 1970 (I); failure to report for induction on November 8, 1971 (II); making a false statement bearing upon his classification on December 10, 1968 (III); and making a false statement bearing upon his classification on June 10, 1969 (IV).

Defendant's motion to dismiss Counts I and II was granted on the basis that defendant was denied due process of law when his local board wrongfully refused to reopen his classification after he had presented the board with information that established a *prima facie* case for a hardship deferment under 32 C.F.R. § 1622.30.

Evidence was heard before the court without a jury on Counts III and IV, both of which related to statements made by defendant to the effect that he was the sole support of his mother's sister, Mrs. Etta Dewey. At the conclusion of the hearing, the court entered a judgment of acquittal on Count III after finding that the statements made in a letter dated December 10, 1968 were not proved beyond a reasonable doubt to have been made willfully and knowingly false.

Although the court set forth with considerable detail its findings and conclusions in regard to Counts I, II and III, wherein the defendant prevailed, the court found "defendant guilty beyond a reasonable doubt as charged in Count IV of the indictment," without any other findings, conclusions or reasons. While Rule 23(c) Fed.R.Crim.P. provides that "[i]n a case tried without a jury the court shall make a general finding and shall in addition on request find the facts specially," it would have been most helpful to this court if the facts in regard to Count IV had been found specially, particularly when, as here, one of defendant's arguments on appeal goes to the sufficiency of the evidence.

However, in view of the fact that we reverse the conviction under Count IV on an alternative ground, it will be unnecessary for us to speculate upon what specific basis the court found defendant guilty under Count IV.

Defendant's second and alternative argument for reversal is based upon the following issue as framed by defendant:

Whether, in light of the fact that defendant's June 10, 1969 letter was written after a final decision had been made by the defendant's local board, and merely constituted a request for an appeal which could not legally be taken from that final decision, any statement made therein could or did

have any bearing upon his classification within the meaning of 50 U.S.C. App. § 462.

The trial court found that as of March 18, 1969, the local board was under a duty to reopen defendant's classification and wrongfully failed to do so. Defendant's classification was never opened thereafter.

As the result of the board's letter to defendant dated May 23, 1969, again refusing to open defendant's classification, he wrote the letter of June 10, 1969, upon which Count IV was based. After setting forth details of his aunt's alleged dependency upon him, the defendant closed the letter with the following:

Since the local board does not see fit that I have a change in classification, I have no other choice but to go to the appeal board. If you would send me the necessary information for this, I shall take care of this matter as soon as possible.

The language of 50 U.S.C. App. § 462(a), upon a violation of which Count IV depends, reads in part as follows:

. . . [A]ny person who shall knowingly make, or be a party to the making of any false statement or certificate *regarding or bearing upon a classification or in support of any request for a particular classification,* for service under the provisions of this title, or rules, regulations, or directions made pursuant thereto, . . . shall upon conviction . . . be punished . . . (Emphasis added.)

The government in its support of the conviction relied upon our decision in the *Kamber* case and the defendant in turn, relied primarily upon the Second Circuit's opinion in *Rubinstein.*

In United States v. Kamber, 458 F.2d 918 (7th Cir. 1972), cert. denied, 407 U.S. 910, 92 S.Ct. 2434, 32 L.Ed.2d 683 (1972), the defendant had mailed to his local draft board a forged letter purporting to have been written by the chairman of the department where defendant was engaged as a college professor. In affirming defendant's conviction of § 462(a), we dismissed defendant's contention that, although forged the contents of the letter were true, on the basis that wrongful identification of the author was a sufficiently false statement within the intendment of the statute. We further held at 922 that:

The juxtaposition of "regarding" with "bearing upon" makes very clear that the legislative intent of the Congress was not to require a showing of proximate cause as an element of the crime of being a party to the filing of a false statement with selective service officials. . . . If the selective service system were to have to bear the heavy burden of proving beyond a reasonable doubt that a particular statement was determininative of the votes of a majority of a local board, then the legislative purpose—which makes possible the operation of a largely self-executing system of conscription—could be easily frustrated.

In United States v. Rubinstein, 166 F.2d 249, 257 (2d Cir. 1948), cert. denied, 333 U.S. 868, 68 S.Ct. 791, 92 L.Ed. 1146 (1948), Judge Learned Hand (with Judge Swan concurring and Judge Chase dissenting) interpreted former section 311 of 50 U.S.C. App. as follows:

"It is true that part of the language of the statute is: "knowingly make . . . any false statement . . . as to the . . . nonliability of himself . . . for service;" but that does not include a statement on which the registrant, at the very moment of filing it, declares that he does not mean to rely; and we think it not an unfair paraphrase of the testimony that Rubinstein said to the board: "Don't pay any attention to what I have said about the dependency of other people upon me; I am not relying upon that part of my affidavit."

. . . [A]lthough in the case at bar Rubinstein might indeed have been laying a false foundation for a future claim, he was not indicted for doing so, and the foundation could not become a crime unless he later built upon it the necessary superstructure by an attempt to use it.

In United States v. Termini, 267 F.2d 18, 20 (2d Cir. 1959), the Second Circuit said:

Moreover, in United States v. Rubinstein . . . this court came close to holding that a registrant's right to draft deferment on one ground is wholly irrelevant to criminality of false statements supporting an application for deferment on another.

More recently, in applying 50 U.S.C. App. § 462(a), the Fifth Circuit said in United States v. Lucke, 431 F.2d 359, 361 (5th Cir. 1970):

Accordingly, a registrant who submits a false statement, the reasonable consequence of which would result in his reclassification is guilty of violating the provisions of § 462(a). [Citing *Termini.*]

In the present case, the lack of proximate cause considered in *Kamber* (that is, whether a majority of the local board voted in a particular way because of the false statement) is not involved; rather what is involved is the defendant's disclaimer in the body of the written statement itself (that is, since the board has not acted, "I have no choice but to go to the appeal board"), together with the fact that no appeal was possible and the further fact that defendant's classification was never thereafter reopened. This combination of facts has brought us to the conclusion that the rationale of *Rubinstein* should be applied here.

The conviction under Count IV is reversed.

Reversed.